BANK OF COMMERCE, Respondent, *v.* A. BERNERO, Appellant.

April 7, 1885.

1. AGENCY—RATIFICATION.—A subsequent unconditional promise to pay, by one in whose name a note had been by another executed without authority, is not, as a matter of law, a ratification of the signature. It is evidence from which such a ratification may be inferred.

2. ESTOPPEL.—That notes previously executed by an agent without authority had been purchased by the plaintiff, and had been paid

at maturity, by some ond does not estop the defendant from deny-
ing authority of the same person to execute the note in suit.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Reversed and remanded.*

A. R. TAYLOR, for the appellant: An unequivocal
promise to pay the note was not a ratification.—*Middle-
ton* v. *Railroad*, 62 Mo. 579; *Cravens* v. *Gilleland*, 63 Mo.
28; *Sauer* v. *Brincker*, 77 Mo. 294.   There was no
estoppel.—*Fuzz* v. *Burr*, 7 Mo. App. 588.

A. ARNSTEIN, for the respondent: The acts of the de-
fendant amounted to a ratification.—*Hefner* v. *Vandolah*,
62 Ill. 483; *Dow* v. *Spenney*, 29 Mo. 286; *Bank* v. *Gay*,
63 Mo. 33, 40.   And worked an estoppel.— *Barber* v.
*Gingell*, 3 Esp. 60; *Crout* v. *De Wolf*, 1 R. I. 393; *For-
syth* v. *Day*, 46 Me. 176; Story on Agency, sect. 56;
*Chidsey* v. *Porter*, 21 Pa. 390; Bigelow on Estoppel, p.
448.

ROMBAUER, J., delivered the opinion of the court.

It must be conceded, both upon reason and authority,
that where the name of one person is signed by another
to a written promise, the person whose name is thus
signed can be legally held as promisor only on one of
three grounds.   These are, that he either expressly
authorized the act, or, that he subsequently ratified it,
or, that he is estopped by his conduct to disavow it.

As one may do by another what he can do himself,
the law on the first ground of liability above stated is
very simple, and the fact in any given case easily estab-
lished.   It is not so easy, however, to determine what
will amount in any such case either to a ratification or to
an estoppel.

"The distinction between a contract intentionally as-
sented to or ratified in fact, and an estoppel to deny the
validity of the contract is very wide.   In the former case
the party is bound, because he intended to be; in the
latter he is bound notwithstanding there was no such in-
tention, because the other party will be prejudiced and

defrauded by his conduct, unless the law treat him as legally bound."—*Forsyth* v. *Day,* 53 Me. 196.

In the case now before us, the plaintiff, an innocent holder of a promissory note acquired for value before maturity, sued the defendant as maker of such note. The answer denied the execution of the instrument under oath. It stands conceded by the testimony that the note was not signed by the defendant, but was signed with defendant's name by one Davie, who discounted it, and received the proceeds thereof. Plaintiff claimed, and gave evidence tending to show, that Davie signed defendant's name to the note at defendant's request; that defendant subsequently, with full knowledge that Davie had signed his name to the note, and had received the proceeds, promised to pay the same; and that Davie had repeatedly, on former occasions, signed defendant's name to notes and discounted the notes with plaintiff.

Plaintiff also gave evidence tending to show that the former notes thus executed and discounted, had all been paid, and that they were not paid by Davie, who, besides defendant, was the only party to the paper.

All these facts were denied by the defendant, but the preponderance of evidence on all the controverted facts, with exception of the one showing express authority, was on plaintiff's side.

These being the issues and the testimony given to sustain them, the court of its own motion, among others, gave the following instructions to the jury:

2. "Although the jury may believe from the evidence that Wm. Davie was not authorized by the defendant to sign the note sued upon, yet if you further believe that said defendant, subsequent to the signing of the note, *ratified* the act of said Davie in signing the note in question, then the defendant is bound by said note. And the court further instructs you that an unequivocal promise made by the defendant to pay the note after he found the note in suit had been signed in his, defendant's, name, and by said Davie, would be a ratification of the signature."

3. "If you believe from the evidence that prior to March 12, 1883, the witness Davie had signed the name of the defendant to other notes than the one in suit and had them discounted by the plaintiff, and that such act had been done by said Davie with the defendant's knowledge and assent, and all such notes had been paid to plaintiff; and if you believe that said Davie signed the defendant's name to the note sued upon and sold it to the plaintiff, and the plaintiff bought the note in good faith and before maturity, supposing the signature to be that of the defendant, and having acquired such knowledge as it had of defendant's signature from said other notes purporting to be signed by defendant which had been paid, then plaintiff is entitled to recover *even though it was signed without defendant's authority, and even though there was no ratification of the signature by the defendant.*"

The jury found a verdict for plaintiff, and the defendant appealed to this court, and here urges that these instructions, under the facts of the case, state incorrect propositions of law.

The objection urged to instruction No. 2 is its concluding sentence, which tells the jury that an unconditional promise made by the defendant to pay the note, after he found it had been signed in his name by Davie, was of itself a ratification of the signature.

Ratification is a question that can arise solely in connection with the law of agency. It is essential, therefore, that the party whose act is to be ratified should have assumed to act as agent for another at the date of the act sought to be ratified. It would seem, however, that the act of ratification is evidence both of the existence of the agency at the time of the doing of the unauthorized act, and of its subsequent validation by adoption. "If I make a contract," says a careful writer, "in the name of a person who has not given me an authority, he will be under no obligation to ratify it, nor will he be bound to the performance of it. But if, with full knowledge of what I have done, he ratify the act, he will be considered to have contracted originally by my agency, for the ratifi-

cation is equivalent to an original authority."—Livermore on P. & A., vol. I, p. 44.

It will be seen that in the case at bar, if the agency of Davie existed as claimed in his own testimony, there was no need of a subsequent ratification, because there is no pretense in his testimony that the agency existed for any other purpose in this transaction but for the purpose of signing *plaintiff's* name to the note sued upon. Instruction No. 2, therefore, puts the case to the jury on this theory: that even though they may believe that the agency of Davie for defendant, in signing the note with defendant's name is not established by direct testimony, yet if they find that defendant promised to pay the note, then such agency is conclusively established by the presumption of adoption, arising from an unconditional promise to pay.

In this we believe the instruction goes one step too far. A careful examination of the authorities, cited by respondent fails to disclose any case wherein a promise to pay, however unconditional, has in itself been held equivalent to a ratification of an otherwise unauthorized act.

Judge Story says that if a person should sign or endorse a note as agent for another without authority, and the principal should afterwards, with full knowledge, promise to pay it *accordingly*, that would amount to a ratification.—Story on Agency, 9 ed. sect. 254. But an examition of the cases cited in support of the text fails to support that position. The only case which seemingly goes to that extent is the case of *Commercial Bank v. Warren* (15 N. Y. 581), in which Judge Selden says that, "no valid distinction can be taken between a ratification of, and a promise to perform, the engagement entered into by the agent." But an examination of the case will show that the plaintiff who had given evidence of a subsequent promise, and had relied upon such promise as evidence of ratification had been non-suited in the trial court, and that the only question before the appellate court was whether such promise amounted to evidence of ratification.

Some confusion has arisen in the minds of text writers as to whether the question of ratification is a question of law or fact, because courts have decided in some instances as a matter of law ·that there was no evidence of any ratification.    But in that respect, ratification is like any other fact sought to be proved.    Whether there is any evidence legally sufficient tending to establish it, must always be a question of law, but whether in case there is such evidence, the evidence does prove it must always remain a question of fact.

We hold that the court erred in declaring in instruction No. 2 that an unequivocal promise was as a matter of law ratification of the signature, all' the more so as there was no evidence in the case that defendant had at any time promised to pay the note according to its terms.   All that the court could do was to submit the fact to the jury as evidence from which they might infer a ratification.

Instruction No. 3 is given on the theory of estoppel, and is likewise erroneous.   The mere fact that defendant may have authorized Davie on former occasions to sign his name to notes, and that Davie obtained money on such notes from plaintiff, cannot of itself estop defendant from denying Davie's authority in this particular instance, unless there has been a course of dealing established between the parties on the subject, which would justify the bank to assume that the paper in controversy was signed by defendant's authority.   The evidence may have tended to show such a course of dealing, but whether it did or not, should have been submitted to the jury as an element of the estoppel, all the more so as the evidence on the question whether the officers of the bank relied on the similarity of the signature with former signatures and were thereby misled to their prejudice, was, to say the least, far from conclusive.   Such course of dealing cannot be assumed by the court as a matter of law to have existed, simply because the defendant may have authorized Davie to discount with the plaintiff some other notes signed in a similar manner, and the further

fact that such notes were discounted by Davie, and paid to the bank by *some one.*

As the testimony was conflicting on the subject of Davie's authority, and as the giving of these two instructions (which we find erroneous) were necessarily prejudicial to defendant, the judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.