Norton v. Higbee.

WILLIAM P. NORTON, Respondent, v. LEWIS B. HIGBEE, Appellant.

St. Louis Court of Appeals, December 24, 1889.

1. **Law and Fact: VERBAL CONTRACT.** When a contract is made orally in language which is clear and explicit, and admits of but one interpretation, its effect is a question of law for the court.

2. **Estoppel: EXECUTED VERBAL CONTRACT.** If a verbal contract for service be made in language which is somewhat ambiguous, an estoppel against the master may arise from a finding that the servant understood the contract in a certain way and went to work with that understanding, and that the master availed himself of the servant's work, having reason to know the servant's interpretation.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*J. W. Howard* and *John C. Anderson*, for the appellant.

(1) Plaintiff's instruction number 1 should not have been given, because: *First.* As to whether or not there was a contract made between plaintiff and defendant, by which defendant agreed to pay plaintiff two dollars per day for running the engine of a steam thresher, was a question of fact, to be found by the jury and not by the court. *Farley v. Peters*, 5 Mo. App. 262; *Folson v. Cook*, 9 Atl. Rep. 93; *Bodkin v. McIntyre*, 81 Mo. 55; *Dennis v. Crooks*, 23 Mo. App. 532. The court in this instruction substantially declares to the jury there was a contract between plaintiff and defendant that defendant would pay plaintiff two dollars per day for running the engine. The vital

question in the case, and which the jury was called to determine, is summarily determined for them by the court. (2) Courts are not authorized to say what facts, or words or actions, indicate the agreement between the parties. *Bodkin v. McIntyre*, 81 Mo. 557. The jury were bound to find, and. it was a question of fact for their determination, whether the defendant assented to the plaintiff's proposition. The instruction undertakes to determine the fact of such assent, and was therefore erroneous. *State v. Wheeler*, 79 Mo. 366; *Matthews v. Railroad*, 26 Mo. App. 89.

*William L. Berkheimer*, for the respondent.

Instruction number 1, given for the plaintiff, was not erroneous. *Banchor v. Gregory*, 9 Mo. App. 102; *Zimmerman v. Railroad*, 71 Mo. 476; *Rea v. Ferguson*, 72 Mo. 225; *Myer v. McCabe*, 73 Mo. 236; *Noble v. Metcalf*, 20 Mo. App. 360; *Bank v. York*, 89 Mo. 369. Under the facts found by the jury, the defendant is estopped from disputing the plaintiff's construction of the contract. *Finley v. Pettis*, 5 Mo. App. 262; Bigelow on Estoppel [2 Ed.] 511, 514; *Sav. Ass'n v. Kehlor*, 7 Mo. App. 158; *Taylor v. Saugrain*, 1 Mo. App. 312; *Weise v. Moore*, 22 Mo. App. 530; *Austin v. Loring*, 63 Mo. 19; *Pelkington v. Ins. Co.*, 55 Mo. 172; *Miller v. Anderson*, 19 Mo. App. 71.

ROMBAUER, P. J., delivered the opinion of the court.

The controversy in this case is touching a balance claimed by the plaintiff on an account for personal services. The plaintiff recovered judgment, both before the justice and in the circuit court, and the defendant, appealing, assigns for error that the circuit court admitted improper evidence, and gave erroneous instructions for the plaintiff.

The plaintiff claims that he worked for the defendant forty days, twenty-nine at an agreed compensation

of two dollars per day, in running an engine of a steam thresher, the residue at one dollar and fifty cents per day as a hand at the separator, such being the reasonable value of the latter work, and that the defendant paid him on account fifty-five dollars. The defendant claims that the plaintiff worked only thirty-six days, and that the reasonable of his work was one dollar and fifty cents per day, there being no agreement for a higher rate for any part of the work. If the plaintiff's version is true, he is entitled to nineteen dollars and fifty cents, for which amount he had judgment; if the defendant's version is true, the plaintiff has been overpaid.

The plaintiff gave evidence tending to show that the defendant sent repeatedly to him, requesting him to come and run the engine, and offering him one dollar and fifty cents per day for such work, and he returned for answer that he would not do the work for less than two dollars per day. Finally, according to plaintiff's evidence, he and the defendant met when the following occurred : "He (defendant) wanted me to come and go with the machine. I just told him I would not go with the machine for less than two dollars, no use talking anything about it. He said he could not give it; that's too much. I said then there is no use talking about it, I wouldn't run it another day for less than two dollars, if I never run another engine. He then said, 'Come on, I have got to have a man, I can't let the engine stand idle.'" The plaintiff was then asked by his counsel to state the residue of the conversation, which he did, and the admission of this latter part of the evidence is claimed to have been erroneous. This error is not well assigned; the conversation was on the same subject, and tended to show that defendant had no other competent man to run his engine, and tended to show the inducement for offering the additional fifty cents per day to the plaintiff.

The defendant admitted that he had sent messengers to the plaintiff repeatedly, offering him employment at one dollar and fifty cents per day, and that the plaintiff had refused employment as engineer for that compensation; but the defendant denied that the last conversation detailed by plaintiff ever took place. As to the time of service, both the plaintiff and defendant gave evidence substantiating their respective claims.

The instruction complained of, and given by the court at plaintiff's instance, is as follows:

"The court instructs the jury that if they should believe from the evidence that plaintiff Norton, in conversation with defendant Higbee, previous to the time he commenced to work for defendant in running and operating the engine of defendant, expressly told defendant that he, plaintiff Norton, would not work for defendant Higbee, in running and operating defendant's engine for less than two dollars per day, and that thereupon the defendant Higbee said to the plaintiff Norton, "Come on," and the plaintiff then went to work for the defendant in so running and operating the said engine of defendant; then the court instructs the jury that said facts constituted a contract between the parties, that defendant would pay said plaintiff the sum of two dollars per day for so running and operating said engine; provided the jury shall believe from the evidence that plaintiff commenced running said engine, believing he was to have two dollars per day."

What constitutes a contract, and what is its proper interpretation, is for the court and not for the jury, and the only difference in that respect between a written and a verbal contract is that, in the former, the terms of the agreement are shown by the writing itself, and hence the facts are undisputed, whereas in the latter the facts are generally controverted, and the matter has to be placed before the jury in a hypothetical form. Where the evidence concedes that a definite

proposal was made by one person, and accepted by the other as made, in language clear and explicit, and admitting but of one interpretation, it is for the court to declare the legal effect of the transaction, and not for the jury to find it.   If the plaintiff's testimony is true, there seems to be but little latent ambiguity, as to assent, justifying a submission of that question to the jury. To illustrate, we will assume that the defendant had written to the plaintiff, "If you say you will not work for less than two dollars a day in running my engine, then I say come on," and that the plaintiff had thereupon gone on and performed the work, believing that he was to have two dollars per day, could there be any question that the court would be bound, as matter of law, to declare that the contract was one for an agreed compensation of two dollars per day? The contract depends on what the parties said, and not on their secret intent or meaning of the words spoken. *Farley v. Pettis,* 5 Mo. App. 265. Were the rule otherwise, oral contracts would, stand on a very precarious foundation.

It is stated in the books in general terms, that where a contract is oral, the question as to what the contract was, is one for the jury under appropriate instructions from the court.   Judge LEONARD in *Halbert v. Halbert,* 21 Mo. 284, says:   "The interpretation of written contracts is for the court, but where the matter rests in words, and the intention of the parties is to be ascertained from what they have said and done, it is a question for a jury."   In support of this proposition he cites *Festerman v. Parker,* 10 Ired. Law. 477, where the proposition in regard to verbal contracts is stated as follows :   "If verbal, and the parties dispute about the terms of the agreement, it involves a question of fact, as to the terms, to be decided by the jury; *but if there is no dispute as to the terms,. and they be precise and explicit, it is for the court to declare their effect.*"   In

the subsequent case of *Belt v. Good*, 31 Mo. 129, Judge NAPTON adopts the language used by Judge GASTON in *Young v. Jeffries*, 4 Dev. and Batt. 220: "Where the contract is by parol, the terms of the agreement are of course a matter of fact; *and if those terms be obscure or equivocal, or are susceptible of explanation from extrinsic evidence*, it is for the jury to find also the meaning of the terms employed; but the effect of a parol agreement, *when its terms are given and their meaning fixed, is as much a question of law as the construction of a written instrument.*" There is nothing in any subsequent decision in this state, which in any way varies the rule thus clearly stated.

But conceding, for the sake of argument, that, under all the surrounding circumstances, there was some ambiguity in the words found by the jury to have been spoken, and that the court, therefore, erred in charging them that the words, if they were spoken, constituted a contract that the defendant would pay plaintiff two dollars per day, yet the error would not justify a reversal, since the finding of the jury that the words were spoken, and that the plaintiff understood them to mean that he was to have two dollars per day, and went to work with that understanding, was the finding of all the necessary facts to constitute an estoppel. In that view the question of intention on part of the defendant becomes immaterial, inasmuch as he became bound not because he intended to be, but because the plaintiff would be prejudiced and defrauded by his conduct, unless the law would treat him as legally bound. *Forsyth v. Day*, 46 Me. 176; *Bank of Commerce v. Bernero*, 17 Mo. App. 313.

The amount in controversy in this case is very small, and, in view of the fact that two successive juries have come to the same result, we would not be warranted in reversing the judgment, except upon error clearly prejudicial. The judgment is affirmed. Judge BIGGS concurs. Judge THOMPSON concurs in the result.