SAMUEL DAVIES, Appellant, v. DARWIN BALDWIN *et al.*,
Respondents.

St. Louis Court of Appeals, May 12, 1896.

1. **Landlord and Tenant:** TENANCY FROM YEAR TO YEAR: TERMI-
NATION. An oral lease of a farm creates a tenancy from year to
year, and can not be terminated by one of the parties thereto without
legal notice.

2. ⸻: TERMINATION OF INTEREST OF CROPPER. But a cropper who
is without any interest in or possession of premises, and who has
merely tilled the ground and harvested the crops after an entry for
the sole purpose of so doing, is not entitled to notice.

3. **Oral Contract:** LAW AND FACT. When there is no dispute as to
the terms of an oral contract, and it admits of but one interpretation,
its construction is for the court; but when its terms are controverted,
or it is susceptible of more than one meaning, its construction be-
comes a question of fact for the jury.

*Appeal from the Clark Circuit Court.*—HON. BENJAMIN
E. TURNER, Judge.

AFFIRMED.

*C. E. Blair* and *Blair & Marchand* for appellant.

The evidence makes a clear case of holding from
year to year. This being the case, Hagerman should
have given sixty days' written notice to plaintiff to quit
possession before end of year. R. S. 1889, sec. 6370;
12 Am. and Eng. Encyclopedia, pp. 675–677; *Stoops v.
Devlin,* 16 Mo. 162; *Quinette v. Carpenter,* 35 Mo. 502;
*Finney v. City St. Louis,* 39 Mo. 177; *Hunt v. Bailey,* 39
Mo. 257; *Bircher v. Parker,* 40 Mo. 118; *Hosli v. Yokel,* 58
Mo. App. 169. (2) Taking the circumstances as detailed
in evidence, it is preposterous to contend that plaintiff
was simply a cropper. In our opinion the evidence

clearly showed a tenancy from year to year. But if we are mistaken in this, there was certainly evidence upon both sides of the case. Where there is any evidence, however weak it may be, or when it is conflicting, such an instruction can not be given. *Brown v. Kimmel*, 67 Mo. 430; *Smith v. Hutchinson*, 83 Mo. 183; *Meyer v. Broadwell*, 83 Mo. 571; *Moody v. Deutsch*, 85 Mo. 237; *Covey v. Railroad*, 86 Mo. 635; *Charles v. Patch*, 87 Mo. 450; *Noeninger v. Vogt*, 88 Mo. 589; *Franke v. St. Louis*, 110 Mo. 525; *Berry v. Railroad*, 124 Mo. 244.

*O. S. Callihan* for respondent.

(1) Admitting all that plaintiff claims as to his ownership of the wheat crop of 1895 and prior crops, it gave him no right whatever to the possession of the land after the crops were harvested and removed from it. He did not reside on the premises, and nothing belonging to him remained, after the crops were taken away. He was a mere cropper with no estate in the land, and, when the crops were harvested and removed, all his rights and interests in the land ended. *Moser v. Tower*, 48 Mo. App. 85; *Alwood v. Ruckman*, 21 Ill. 200; *Harrison v. Ricks*, 71 N. C. 7. (2) It was proper for the court to determine the legal sufficiency of the evidence, and direct a verdict for defendants. The well established rule is that it is not only the right, but also the duty, of trial courts to direct a verdict for either party, where the verdict, if returned for the opposite party, would be set aside as against the evidence. 2 Thompson on Trials, sec. 2249, and cases cited; 9 Central L. J., p. 102; *Morgan v. Durfee*, 69 Mo. 469; *Nolan v. Shickle*, 3 Mo. App. 300; *Landis v. Hamilton*, 77 Mo. 554; *Powell v. Railroad*, 76 Mo. 80.

BOND, J.—This action of forcible entry and detainer was begun before a justice of the peace, taken by de-

fendant to the circuit court by *certiorari*, and upon a trial there the jury, under the direction of the court, found for defendant. From a judgment rendered in accordance plaintiff appealed, and he assigns as error the giving of this instruction.

The evidence for plaintiff tends to show that he rented the land in dispute in 1888 or 1889, and took possession thereof in the spring of 1890, upon an agreement to give defendant one third of the corn, wheat or grain, produced on said land, and upon the further agreement to deliver the portion of the crops belonging to defendant in his cribs at Alexandria; that, under this contract, plaintiff cultivated the ground and divided the produce until the year 1895, when, after he had harvested a crop of wheat, he was dispossessed by defendant without notice of the termination of the tenancy. Plaintiff lived near the land in question, and with his son cultivated the same until defendant's entry, which took place in August, 1895. Defendant's agent, Baldwin, in his cross-examination admitted that he, on behalf of defendant, rented the land in controversy to the plaintiff for several years prior to 1892, and that such lettings were from year to year. He, however, stated that subsequent to that time he had rented the land to plaintiff's son upon plaintiff's refusal to cultivate the same any longer. Plaintiff denied that he refused to cultivate the land, or that the letting to him had been terminated.

There was evidence for defendant tending to show that, prior to his repossession of the land, he demanded it of plaintiff's son, and that the latter mailed a letter (which had been written in his absence but in his name at the dictation of his father) refusing to surrender the premises. There was also evidence showing that plaintiff, his son and an employee, gathered and harvested the crop of wheat grown on the place in 1895,

and that plaintiff delivered the portions belonging to defendant and reserved the remainder for the use of himself and his employees.

The original agreement between plaintiff and the agent of the owner was oral. If it was the intention of the parties that it should become a lease, it could be only valid as such from year to year. *Hosli v. Yokel*, 58 Mo. App. 169. In such case it could not be terminated without legal notice. R. S. 1889, sec. 6370. If, however, the parties intended by their contract to make plaintiff not the tenant of defendant, but merely a cropper without any interest or possession of the premises except to enter for the purpose of tilling the ground and harvesting the crops, then there was no necessity for notice and the verdict was properly for defendant. *Moser v. Lower*, 48 Mo. App. 85.

Where there is no dispute as to the terms of an oral contract, and it admits of but one interpretation, its construction is for the court. *Norton v. Higbee*, 38 Mo. App. 467. But where its terms are controverted, or it is susceptible of more than one meaning, then its construction becomes a question for the jury. In the present case plaintiff's evidence and the admission of defendant's agent show that the letting prior to 1893 was from year to year. Plaintiff testified that he held subsequently under this agreement. Defendant's denial of this testimony made a conflict of evidence, and hence a question for the jury to determine. A demurrer to the evidence admits every relevant fact as well as every logical inference against the demurrant. If these show any substantial ground for a recovery, a peremptory instruction should not be given for defendant. I can not say a jury might not have rationally inferred from the facts in this record that the contract between the parties created a tenancy from year to

year. Hence, in my opinion, the judgment in this case should be reversed and the cause remanded.

My associates concur in the law as stated in this opinion, but they hold that the entire evidence shows that the judgment was for the right party, and hence it should be affirmed. It is so ordered.