GRAYCE KEITHLEY, Respondent, v. THE CITY OF
INDEPENDENCE, Appellant.

Kansas City Court of Appeals, October 1, 1906.

1. MUNICIPAL CORPORATIONS: Defective Street: Notice: Evi-
dence: Appellate Practice. The evidence among other things
tended to show that a councilman passed the defect several
times a day. *Held*, this was some evidence of notice to the city;
and where the appellant wishes the opinion of the appellate
court on the sufficiency of the evidence he should abstract it all.

2. ———: ———: Contributory Negligence: Evidence. On the
evidence it was held that the question of contributory negli-
gence was properly sent to the jury.

3. ———: ———: Evidence: Contractor: Notice. On the trial of
a cause to recover damages caused by the defective street pro-
duced by the contractor, it is error to introduce a notice by the
city to the contractor to defend the action.

4. ———: ———: Contractor: Dismissal. Where the city and a
contractor are alike liable for the condition of the street pro-
ducing plaintiff's injury, and the latter pleads in as defendant,
it is not error for the plaintiff to dismiss as to him.

5. ———: ———: Lights and Barriers: Instruction: Theory of Trial. In an action at common law to recover damages for injury occasioned by a defect in the street, the jury should be left to say whether the place was sufficiently guarded, whether by lights or barriers.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans,* Judge.

REVERSED AND REMANDED.

*Llewellyn Jones* for the city of Independence; *Flournoy & Flournoy* for Wait Plumbing Company.

(1) The court should have given defendants' instruction, in the nature of a demurrer to the evidence. The testimony in this case shows such negligence on the part of the plaintiff, as to preclude a recovery. Giardina v. Railroad, 185 Mo. 330; Davies v. Railroad, 159 Mo. 1; Fellenz v. Railroad, 106 Mo. App. 154. (2) The liability, if any, in this case is that of H. H. Wait and the Wait Plumbing Company, and after they had been made parties defendant, it was error to allow plaintiff to dismiss as to them. (3) The work in Maple avenue was commenced between three and four o'clock in the afternoon of the day of the accident. The workmen quit work at six o'clock and the accident happened a few minutes thereafter—before half past six o'clock. The city did not have actual notice, and the time was far too short to charge constructive notice. Fehlhauer v. St. Louis, 178 Mo. 635; Carrington v. St. Louis, 89 Mo. 208; Badgley v. St. Louis, 149 Mo. 133; Bonine v. Richmond, 75 Mo. 437; Franke v. St. Louis, 110 Mo. 516; Schweickhardt v. St. Louis, 2 Mo. App. 579. (4) The court committed error in the admission of testimony. (5) The court committed error in giving plaintiff's instruction numbered 2. Plaintiff elected to bring a common-law action for negligence, rather than base her suit upon the ordinance, and under such a pleading,

it was error, first, to instruct the jury that it was the duty of the city to provide both lights and barriers, and second, that its failure to do so constituted negligence *per se.* The giving of this instruction constituted reversible error. Jackson v. Kansas City, 106 Mo. App. 52; Cambell v. Stanberry, 85 Mo. App. 159; Staples v. Trenton, 69 Mo. 592; Loewer v. Sedalia, 77 Mo. 445; Fusili v. Railroad, 45 Mo. App. 535.

*Callahan & Dryden* for respondent.

(1) This court will not consider the overruling of the demurrer to the evidence by the trial court unless all the evidence is set forth *in haec verba.* Colburn v. Flower Co., 49 Mo. App. 415; Storey v. Patton, 61 Mo. App. 12; Costello v. Fusler, 80 Mo. App. 107; Rutledge v. Tarr, 95 Mo. App. 265; Carpenter v. McDavitt, 66 Mo. App. 1; Harrison v. Rounds, 190 Mo. 349; Eckhard v. Transit Co., 190 Mo. 593. (2) Respondent had the right to sue the city of Independence, H. H. Wait and The Wait Plumbing Company, or any one of them that she might see fit, and the city of Independence was primarily liable to her. She elected to sue the city of Independence. (3) The evidence does not bear out the statement made to the effect that the work was begun about three or four o'clock in the afternoon of the day of the accident. The evidence shows that the city of Independence had not only constructive notice that this work was being done, but that it had actual knowledge through its officers. The work had been going on for something near two weeks. (4) There was no error in the giving of instruction numbered 2 on the part of respondent, in view of the theory upon which the case was tried by the defendant as well as the plaintiff, and especially in view of instruction numbered 5 given for the defendant. Suder v. Transit Co., 189 Mo. 107;

Rapp v. Transit Co., 190 Mo. 153. But if it had been technically inaccurate, the case having been tried and submitted upon that theory by both parties, appellant cannot now complain. Kansas City v. Madsen, 93 Mo. App. 143; Thompson v. Railroad, 86 Mo. App. 141; Murphy v. Century Bldg., 90 Mo. App. 621; Phelps v. Salisbury, 161 Mo. 1. (5) In determining whether the judgment should be reversed for error in a single instruction, such instruction should be read in connection with all the instructions given in the case. Noble v. Blount, 77 Mo. 235; Schueler v. Schueler, 18 Mo. App. 69. (6) Where under the law, as applied to the facts, the judgment should have been for the respondent, a judgment for respondent will not be disturbed by the appellate court though the cause was tried on the wrong theory, and the record shows error against the appellant. Jones v. Brownlee, 161 Mo. 258; Moore v. Railroad, 176 Mo. 528; Harris v. Fowler, 171 Mo. App. 488; Whitehead v. Atchison, 130 Mo. 485; Greer v. Bank, 128 Mo. 559.

BROADDUS, P. J.—The plaintiff's suit against the city is for damages alleged as the result of its negligence in failing to keep its streets in a reasonably safe condition for travel.

The injury occurred near the intersection of Maple avenue and Spring street. At about six o'clock on November 25, 1903, plaintiff drove into a trench that had been dug along the west side of Spring street partly across Maple avenue, which caused her to be thrown from her buggy and whereby she was injured. The Methodist Church building is located at the northwest corner of the two streets. The church people had employed the Wait Plumbing Company to dig the trench in question for the purpose of draining the basement of their building. The appellant claims that the work had only been commenced on the day in question, but there was evidence

that it had been in progress two weeks prior thereto. At the time when the workmen quit their work the drain had not been completed across Maple street, which runs east and west, but it had been opened from the north to a certain distance and from the south to a certain distance, leaving a space between the two ends of about twenty feet. This drain is located west of the street crossing. Red lights to warn travelers of the danger were placed at the two ends mentioned, and barricades placed at the crossing. As the plaintiff was driving east she necessarily encountered the drain before she reached the barricades. She says she saw one of the lights and avoided that part of the street, but drove into the ditch on the other side, where she says she saw no light. The drain was dug without the permission of defendant.

At the close of plaintiff's case, the city interposed an instruction in the nature of a demurrer, which the court overruled. This action of the court is assigned as error on the ground that, as the city did not authorize the work to be done, there was no evidence that it had notice of the condition of the street; and that the evidence showed that plaintiff was guilty of such contributory negligence as precluded her from recovering.

The evidence tended to show that Joseph J. Randall, a member of the city council, passed the place where the work was being done several times a day and must have known of the condition of the street at the time of plaintiff's injury. Notwithstanding the evidence tends to show that at least a part of the work in the crossing of Maple avenue had been done the day of plaintiff's injury, and at most only a day or two previous had any work been done there, the showing that said member of the defendant's council passed the point daily and must have been aware of its condition was some evidence of notice to the city. We do not think that defendant is in a condition to insist upon maintaining

that the city did not have notice of the condition of the street, as it is evident that much of the evidence in the case is omitted from its abstract. In order for the defendant to be in a position to urge that the evidence showed that plaintiff was not entitled to recover, all the evidence should be abstracted.

But there is enough of the evidence given to show that it was a question for the jury to say whether plaintiff was guilty of such contributory negligence as precluded her right to recover. The abstract, meager as it is, shows that as plaintiff approached the place she saw a light on the north side of Maple street, when she pulled her horse to the south side and went into the drain; and that there was no other light according to her recollection. The appellant, judging by its emphasizing her statement that she was driving *in a trot* and that she did not see any other light *to her recollection*, places its contention upon these statements. But it seems to us, judging her conduct by the surrounding circumstances, her act was natural and what a person of ordinary prudence would do under like conditions.

On the trial, plaintiff, over the objections of defendant, was permitted to introduce a notice of the city given to the contractor to defend the suit after it was brought. The notice after reciting the nature of the suit and the fact that the contractor made the excavation, proceeds to state that, if there was any negligence, it was the negligence of the contractor, and notifies it to appear and defend the action, as the city will hold the contractor responsible for the amount of any damages that may be recovered against it. H. H. Wait and the Wait Plumbing Company responded to the notice by asking to be made parties defendant, and they were made parties on their application, but it seems that during the trial the plaintiff was allowed to dismiss the case as to them. It does not appear whether the dismissal was before or after the introduction of said notice. How-

ever, it can make no difference. We cannot see that it had any relevancy whatever; and the only purpose it could serve was to influence the minds of the jurors against defendant. They might have construed it as evidencing a well-grounded apprehension upon the part of the city that plaintiff would recover a judgment. We cannot tell what weight the jury gave to it as evidence. But one thing we do know, and that is, that there was no good excuse for introducing it. It was not introduced incidentally as is the case sometimes of irrelevant and incompetent evidence, which the courts are inclined to overlook because the effect is harmless in its consequence, but it was independent testimony deliberately introduced for a purpose, and its admission by the court under such circumstances should be held as error.

It is true that the Wait Plumbing Company was liable for the injury as well as the city, if there was negligence, but we know of no law preventing plaintiff from dismissing as to it. If plaintiff's case was made out, the contractor and the city were alike liable to the plaintiff for her injury, but it was not a joint liability. It cannot therefore be considered as error, the dismissal of the case as to the former.

The action was at common law. It is therefore insisted that the court erred in giving instruction numbered two at the instance of the plaintiff, wherein the jury was told that it was the duty of the city to place both lights and barricades at said drain. An ordinance of the city was introduced by plaintiff without objection, which required that excavation should be guarded by lights and barricades. The defendant asked an instruction that required defendant to place only lights at the excavation, which was refused. The plaintiff's instruction is admitted to be error under the holding in Jackson v. Kansas City, 106 Mo. App. 52, and other cases, but it is claimed that, as the defendant tried the case upon the theory that it was required to place both

lights and barricades at the excavation, it cannot now avail itself of the error in that respect. Judging by defendant's objection to said instruction made at the time it was offered and the asking of the one we have noted, we are of the impression that its theory of the case was that the duty imposed was only to place lights, and not lights and barriers, at the point in question. The court properly overruled the latter because it did not contain good law. The jury should have been left to say under this form of action whether the place was sufficiently guarded against danger to travelers.

For the errors noted the cause is reversed and remanded. All concur.