ROBERT RIPLEY, Respondent, v. METROPOLITAN
STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 29, 1908.**

**ROADS AND HIGHWAYS: Obstruction: Lights: Negligence: Contributory Negligence.** Defendant made an excavation under the ties of its tracks and threw the dirt in the street to the height of three feet, and at either end thereof it placed red lanterns. The plaintiff observed the lights two blocks away but construed them to be a warning of building material on the street and did not see the excavation until within five feet when he could not stop his automobile. *Held*:

(1)   That the question of defendant's negligence was for the jury.

(2)   That the question of plaintiff's contributory negligence was likewise for the jury.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*John H. Lucas* and *C. S. Palmer* for appellant.

(1)   Defendant was not guilty of any negligence. Aldrich v. Transit Co., 101 Mo. App. 77; Rissler v. Transit Co., 113 Mo. App. 120.   (2)   Plaintiff was guilty of contributory negligence.   He swears he saw both lights one block away, knew that they meant obstructions in the street, yet rushed along on the left-hand side of the street and ran into the hole.   Smith v. Jackson, 106 Mich. 136, 63 N. W. 982; Morgan v. Penn Yan, 59 N. Y. Supp. 504.   (3)   Even if plaintiff does not see his danger, but by the exercise of ordinary care he ought to have seen it, he is guilty of contributory negligence.   Davies v. Railroad, 159 Mo. 1; Vogg v. Railroad, 138 Mo. 172; Massey v. Railroad, 113 Mo. 1.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) Whether the precautions taken by the defendant were reasonably sufficient was for the jury to determine. Keithley v. Independence, 120 Mo. App. 255; Lyon v. Railroad, 6 Mo. App. 516; Haniford v. Kansas City, 103 Mo. 172; Jackson v. Kansas City, 106 Mo. App. 52; Walsh v. Central, etc., Co., 77 N. Y. Supp. 798; Godfrey v. City of New York, 93 N. Y. Supp. 899; Electric Co. v. Nicholson, 152 Fed. 389; Cummings v. Hartford, 70 Conn. 115, 38 Atl. 917; Fox v. Chelsea, 171 Mass. 297, 50 N. E. 622; Karrer v. Detroit (Mich.), 106 N. W. 64; Oklahoma City v. Welch, 3 Okla. 288, 41 Pac. 598; Waterworks Co. v. Dougherty, 37 Neb. 373, 55 N. W. 1051; Railroad v. Smith (Ala.), 39 So. 757; Cummings v. Gillespie Co., 62 N. J. L. 370, 41 Atl. 693; Wood v. Burgess (Pa.), 22 Atl. 752; Carty v. Boeseke Dawe Co. (Cal.), 84 Pac. 267; Elliott, Roads & Streets, pp. 477, 481.    (2) Whether the plaintiff was guilty of contributory negligence was for the jury to determine. Keithley v. Independence, 120 Mo. App. 255; Coffey v. Carthage, 200 Mo. 616; Holloway v. Kansas City, 184 Mo. 19; Muncy v. Bevier, 101 S. W. 157; Britton v. St. Louis, 120 Mo. 437; Campbell v. Stansberry, 105 Mo. App. 56; Hitt v. Kansas City, 110 Mo. App. 713; Keitel v. Railroad, 28 Mo. App. 657; Weber v. Union, etc., Co., 118 La. 77, 42 So. 652; Railroad v. Smith (Ala.), 39 So. 757; Douglass v. Water Co., 172 Pa. St. 435, 34 Atl. 50; Walsh v. Central, etc., Co., 77 N. Y. Supp. 798; Godfrey v. New York, 93 N. Y. Supp. 899; Electric Co. v. Nicholson, 152 Fed. 389; Fox v. City of Chelsea, 171 Mass. 297, 50 N. E. 622; Karrer v. Detroit (Mich.), 106 N. W. 64; Oklahoma City v. Welch, 3 Okla. 288, 41 Pac. 598; Water Works Co. v. Dougherty, 37 Neb. 373, 55 N. W. 1051; Cumming v. Gillespie Co., 62 N. J. Law 370, 41 Atl. 693; Wood v. Burgess, etc. (Pa.), 22 Atl. 752; Carty v. Boeseke-Dawe Co. (Cal.), 84 Pac. 267.

ELLISON, J.—Plaintiff's automobile was broken and injured by falling into an excavation made by defendant in a street in Kansas City, while being propelled by plaintiff in the nighttime.    He charged defendant with negligence in failing to sufficiently guard the excavation, and recovered judgment in the trial court.

Defendant is a street railway company maintaining and operating a double-track street railway in Kansas City.    The tracks on Independence avenue run east and west and in maintaining them it became necessary for defendant to excavate a distance of about fifty feet in the south track to a depth of the bottom of the ties, which are laid under the surface, and to the width of the ties, the ends of which extend out about one foot beyond the rail.    The dirt, to a sloping height of about three feet, was thrown to the south of the track, occupying practically the entire street to the curb on the south side.    The north track and the north side of the street were free from obstruction.    Defendant placed two lighted lanterns on top of the dirt, one at either end of the pile.

Plaintiff was near twenty-three years of age and had gone after three young men friends, about his age, who were attending a lawn party of young people. He was returning with them between twelve and one o'clock at night.    While driving the machine west along Independence avenue at the rate of about ten miles per hour, he saw, when a block or more distant, the two lights.    He had not been on that street for several months and supposed the lights were a warning of building material.    He did not become aware of the excavation until within five feet of it, when he endeavored to stop, but could not.    The machine dropped into the excavation, throwing him and his companions out, thereby being damaged in different ways described in testimony.

That the evidence tended to show negligence on defendant's part there can be no doubt. There was no other warning than the lanterns placed on top of the dirt. They must have been more than twelve feet south of the north side of the excavation, and were five or six feet away from the south side of it. Considering the place where this was, it is manifest that the jury was justified in finding negligence on such a state of facts. They could well have found that while the lanterns were a signal of danger in an obstruction on the south side of the street, they were not a warning of an excavation in the middle of the street.

But it is insisted that plaintiff should have been declared guilty of contributory negligence as a matter of law. The trial court, we think rightly, refused to adopt that view. It was no part of plaintiff's duty to suppose that defendant had been so negligent as to leave unguarded an excavation in the middle of a public street. Much of defendant's argument is built on a supposition which the evidence does not justify. That is, that red lanterns being on a pile of dirt should have suggested an excavation from which the dirt was taken. But plaintiff set that hypothesis at naught by testifying that he had not been over the street in several months and that he did not know the obstruction indicated by the lanterns was dirt; that he supposed it was building material. It was a question for the jury whether the plaintiff was, in reason, justified in not suspecting there was an excavation under the track, or other dangerous obstruction other than that indicated by the lantern to be south of the track.

We cite the following authorities in support of the foregoing views: Keithley v. Independence, 120 Mo. App. 255; Godfrey v. New York, 93 N. Y. Supp. 899; s. c., 185 N. Y. 563; Gas Co. v. Nicholson, 152 Fed. 389; Karrer v. Detroit, 142 Mich. 331, 106 N. W. Rep. 64;

Oklahoma v. Welch, 3 Ok. 388; Carty v. Boeseke-Dawe Co., 84 Pac. 267; Cummings v. Gillespie, 62 N. J. L. 370. The judgment is affirmed.    All concur.