## J. G. HAGGARD, Respondent, v. F. M. WALKER, Appellant.

### Kansas City Court of Appeals, June 29, 1908.

1. **APPELLATE PRACTICE: Abstract: Demurrer to Evidence.** Generally the appellate court will not consider a demurrer to the evidence unless all the evidence is set out in the abstract; but where the appellant is willing to submit the case on the respondent's testimony the rule does not hold.

2. **LANDLORD AND TENANT: Cropper: Rent: Attachment.** Where the agreement is that the landowner was to furnish the land and wheat to be sown and the other party was to break the land, sow the wheat, cultivate and thresh it and the crop was to be divided equally, there is no relation of landlord and tenant and the laborer is a mere cropper on the shares and a land owner cannot attach under the landlord act.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED.

*J. B. Johnson* for appellant.

(1) The arrangement between plaintiff and defendant as to putting in the crop of wheat did not create the relation of landlord and tenant between them. Johnson v. Hoffman, 53 Mo. 504; Mosser v. Lower, 48 Mo. App. 85; Davis v. Baldwin, 66 Mo. App. 577; Shoemaker v. Crawford, 82 Mo. App. 487. (2) The summary proceedings by attachment under the statutes governing landlord and tenant are available only when the relation of landlord and tenant exists. 24 Cyc., p. 1235.

*Scott & Bowker* for respondent.

(1) Where the appellant complains of the action of the court in refusing to give instructions in the nature of demurrer to the testimony he should set out all the testimony in his abstract of record, and unless he

does so the court will not review the action of the trial court in regard to the instructions. Nash v. Brick Co., 109 Mo. App. 600; Keithley v. Independence, 120 Mo. App. 255; Cross v. Anderson, 107 S. W. 1107. (2) The testimony in this case showed such an agreement in reference to the rent as to give the respondent a right of attachment under the landlord and tenant statute for the same. R. S. 1899, sec. 4123; Carruthers v. Williams, 58 Mo. App. 100; Carruther v. Williams, 53 Mo. App. 181; Ford v. Wycoff, 73 Mo. App. 141.

BROADDUS, P. J.—This is a suit by attachment under the landlord and tenant act to recover rent for certain alleged leased premises. The defendant filed a plea in abatement; and there was a trial before a jury and the verdict and judgment were for plaintiff, and defendant appealed.

The only evidence abstracted is that of the plaintiff's agent a Mr. Letton. It was shown by his testimony that the defendant at the time of the alleged lease, was living on other lands of plaintiff's under a contract to pay cash rent and had been occupying them for about three years. The land in question was separate from that of the other occupied by the defendant. Letton stated that he made a contract with defendant, on terms that plaintiff was to furnish in addition to the land, the wheat to be sown, and that defendant was to break the land in the fall, sow the wheat, cultivate, harvest and thresh it, and the crop was to be divided equally between them as was the custom.

The only question raised by the defendant on the appeal is the action of the court in refusing to give his demurrer to plaintiff's evidence as requested. The point upon which he relies is, that according to plaintiff's own showing without going any further into the evidence, that the relation of landlord and tenant did not exist. The respondent insists as all the evidence

in the case is not given *in haec verba* the cause should be affirmed. And it was held in Nash v. Brick Co., 109 Mo. App. 600: "Where appellant assigns for error the action of the trial court in refusing a demurrer to plaintiff's case he must set out the whole of the evidence *in haec verba* in his abstract or the appellate court will not consider the assignment." In Keithley v. Independence, 120 Mo. App. 255, it was held that, "where the appellant wished the opinion of the appellate court on the sufficiency of the evidence he should abstract it all."

These decisions were intended to apply to cases, where the court could not know without all the evidence before it, what the testimony as a whole bearing on the issue might prove, or where it was evident that there was other evidence which had been omitted from the abstract that would supply or tend to supply the apparent lack of evidence on the part of plaintiff to support the issue. A fair illustration of this view is found in Harrison v. Pounds, 190 Mo. 349. But as in this case where the defendant is willing to stake his defense upon the undisputed word of his adversary and where it is not shown or alleged that there was any other evidence omitted that would vary that given, we do not think the rule should apply. When the reason for the rule is lacking, the rule itself is nugatory.

The defendant to support his claim that the relation of landlord and tenant did not exist refers to certain decisions of the appellate courts of the State. In Moser v. Lower, 48 Mo. App. 85, the agreement was that the plaintiff should plant and raise a crop of corn on defendant's field, composing a part of his farm, for the next year, and that he should turn over the clover in the fall prior, plaintiff to have two-thirds of the corn and defendant one-third in the crib. It was held "that plaintiff was a cropper only and had the

132 App—30

mere naked right to enter the field to perform and complete the labor necessary under the provisions of the contract, etc." And so it is held in Shoemaker v. Crawford, 82 Mo. App. 487, and Davies v. Baldwin, 66 Mo. App. 577.    The defendant not being his tenant but a mere cropper on the shares plaintiff is not entitled to the remedy by attachment afforded by said act.

The cause is reversed.    All concur.