STEWART *et al.*, Defendants in Error, v. BROOKS, Plaintiff in Error.

1. The provisions of the act of February 13, 1847, (Sess. Acts, 1847, p. 122, § 31, 32, incorporated into the revised code of 1855, R. C. 1855, p. 1360, § 35, 36,) in so far as they regulate the redemption by minors of land sold for taxes, are complete in themselves and do not need the aid of the act of 1845. (R. C. 1845, p. 951, § 14.)

2. To entitle a minor to redeem lands sold for taxes, as provided by sections 31 and 32 of the act of February 13, 1847, and by sections 35 and 36 of the revenue act of December 13, 1855, he must pay to the purchaser at the tax sale double, the amount of all the taxes and costs paid by him at the time of his purchase, together with fifteen per cent. per annum upon this amount from the date of the tax deed; he shall also refund to the purchaser the amount of taxes paid by him after the date of his purchase, together with interest thereon at the rate of six per cent. per annum from the times of payment respectively, whether before or after the date of the tax deed.

*Error to Moniteau Circuit Court.*

On the 1st Monday in October, 1852, the defendant purchased a certain tract of land, at a sale of land for taxes in Moniteau county. The lands were sold for the taxes for the years 1849, 1850 and 1851, assessed against the said tract as the property of W. S. Garner, deceased. The defendant obtained a deed from the register of lands dated May 8, 1855. Both the parties in whose behalf this proceeding is instituted were at the date of the defendant's purchase minors. One attained her majority in the year 1856; the other has not yet attained her majority. The present proceeding was instituted on the 30th of September, 1858, to obtain a redemption of said tract of land. The only matter in contest is the rule to be adopted in ascertaining the amount to be paid or refunded by the plaintiffs to entitle them to redeem. The court directed that the plaintiffs should pay into court double the amount of the taxes and costs paid by defendant up to the date of his tax deed, together with interest at the rate of fifteen per cent. per annum from the date of the deed. The court refused to order the plaintiffs to refund the taxes paid after the date of the tax deed.

*White*, for plaintiff in error.

*Parsons*, for defendants in error.

I. The act of 1847 intended that the purchaser should receive back from the party entitled to redeem double the amount of taxes, costs, &c., incurred up to the date of the deed and fifteen per cent. on that amount to the date of redemption. The act does not provide for the payment of double the amount of taxes, costs, &c., incurred after the date of the deed, but only for the fifteen per cent. on the amount incurred prior to the date of the deed. This the court allowed, and therefore committed no error in refusing to allow double taxes and costs accruing subsequent to the date of the deed.

·Scott, Judge, delivered the opinion of the court.

The act of 1847 amendatory of an act entitled "An act to provide for levying, assessing and collecting the revenue," approved March 27, 1847 (Sess. Acts, 1847, p. 117), repeals all acts and parts of acts inconsistent therewith. The provisions of the act of 1847 in relation to the redemption of lands sold for taxes differ in some respects from those contained in the act of 1845 to provide for levying, assessing and collecting the revenue. (R. C. 1845, p. 947.) Where there is such conflict the prior law must give way. The act of 1847 on the subject of the redemption of lands is complete within itself and does not need the aid of the act of 1845. The expression of one thing is the exclusion of another, and the 31st section of the act of 1847, by prescribing the terms on which minors might redeem their lands when they had been sold for the taxes, necessarily excluded any term or condition not therein contained.

In proceeding on the petition to redeem provided for by the thirty-second section of the act of 1847, the circuit courts are directed to be governed "by the principles and practices of courts of chancery." It is a well-settled rule of equity that he who wants equity must do equity; and upon this rule if a mortgagee has two debts due from the same debtor,

one of which is secured by a mortgage and the other is not, the mortgagor will not be permitted to redeem without first satisfying both debts.  A mortgage given as a counter security to a joint obligor, shall stand as a security for a second joint bond entered into by the same persons afterwards, without any agreement for that purpose, and the heir shall not redeem without saving harmless as to both.  (Fonb. Eq. book 3, chap. 1, § 9.)  This proceeding affirms the validity of the sale made to the defendants.  If the sale was valid, he was then rightfully the owner of the land and was bound to pay the taxes assessed upon it, which the law made a lien, and it would be a great hardship if, while the validity of the sale is affirmed, the purchaser should be compelled to yield up his purchase without receiving the taxes which he had been obliged to pay and for which the plaintiffs themselves would have been liable had not their land been sold.  This is not like the case where land has been sold for taxes and the original owner sues in ejectment and recovers it.  Such a proceeding disaffirms the legality of the sale, and the judgment is based on its nullity for the want of conformity to law in the proceedings.  The purchaser acquiring no title by his purchase, he would pay the taxes without any right, and is in the situation of any other person who voluntarily and without any authority pays money for another.  The fact that the plaintiffs were minors can not affect the question.  The land of minors is subject to taxation as well as that of adults.  As the defendant has lawfully paid the taxes which the plaintiffs would have been compelled to pay had they remained the owners, " the principles and practices of a court of chancery" forbid that they should be allowed to redeem without first indemnifying the defendant for the legal charges to which he has been subjected by reason of his purchase.

We do not find any provision in the act of 1847 which would warrant us in allowing more than the legal rate of interest on the several amounts paid for taxes, to be computed from the times of payment respectively.  This of course is to be understood of the taxes paid after the purchase.  It would

be an arbitrary construction of the thirty-first section of the act to hold it to apply only to taxes paid before the date of the deed. We consider that section as only applying to the taxes for which the land was sold. This view seems to be confirmed by the twenty-third section of the act of 1847, which, in authorizing a redemption of land sold for taxes, makes no provision for the refunding of taxes paid by the purchaser subsequently to the sale. The taxes paid after the sale and before the execution of the deed would not be stated in it, and there is no reason why those paid after the date of the deed should not be refunded as well as those paid after the sale and before its execution. In fixing the date of the deed as the period from which the fifteen per cent. per annum was to be calculated, it must have been intended that the deed would show the amount on which the penalty was given. The ground on which we base the right of the purchaser to the return of the taxes paid after the sale is the provision in the thirty-second section of the act, which requires the circuit courts, in proceedings of this nature, to be governed by " the principles and practices of courts of chancery."

Upon the whole, our opinion is, that the plaintiffs are entitled to redeem upon the payment of double the amount of taxes and costs incurred by the purchaser by reason of his purchase, with fifteen per cent. per annum thereon from the date of the deed, and by refunding the amount of taxes paid by the purchaser since the sale, with six per cent. interest thereon from the times of payment respectively.

Reversed and remanded; Judge Richardson concurs. Judge Napton absent.