RIDGLEY, Defendant in Error, v. STILLWELL, Plaintiff in Error.

1. A parol lease for a term of years has the force and effect of a tenancy from year to year.
2. Justices of the peace can not specifically enforce a parol contract concerning land on the ground that it has been taken out of the statute of frauds by part performance.
3. A. let certain premises to B. for a term of years; the letting, being by parol, had the force and effect at law of a tenancy from year to year. A. gave B. due notice to quit, and brought his action of forcible detainer before a justice of the peace. B. relied for a defence upon the fact that he had entered upon said premises under a parol lease for ten years, while the building thereon was not completed, and had made improvements thereon, and had paid rent under said parol agreement. *Held*, that the justice of the peace had no jurisdiction to enforce the equities arising out of such a defence, and that, if the defendant was entitled to the specific enforcement of the parol agreement, he might have enjoined in a court of competent jurisdiction the proceedings before the justice until his equity could be determined.

*Error to St. Louis Land Court.*

This was an action of forcible entry and detainer brought before a justice of the peace March 21, 1857, and removed

to the land court by *certiorari*. The plaintiff proved that defendant went into possession of the premises in March, 1851, under a verbal letting; that due notice to quit was given on the 21st of August, 1856; also a written demand of possession on the 19th March, 1857; also, the monthly value of the rents, &c. The defendant proved that the plaintiff put up the building on the premises, which was not entirely completed when the defendant went into possession. The defendant offered to prove that in the month of March, 1851, the plaintiff, by a verbal agreement with the defendant, rented the premises in question to the defendant for the term of ten years from March 15, 1851; that under said agreement the annual rent was fixed and was to be determined by computing ten per cent. on the cost of the land and fifteen per cent. on the cost of the building; that the defendant entered the premises under said agreement, and made improvements in the building by putting up fixtures and partitions; that he had occupied the premises and carried on his business from the time he entered to the present, and that he had paid rent to the plaintiff from time to time under said agreement. The defendant also offered to prove the cost of the land and the building erected thereon, for the purpose of showing what the annual rent of the premises would amount to under said agreement. On the objection of the plaintiff, the court ruled out this testimony. It was not proved that the rent paid by defendant to plaintiff was accepted by the latter under the alleged agreement set up by defendant.

The court gave the following instructions at the instance of the plaintiff: " 1. If the jury find from the evidence that the defendant Samuel Stillwell became the tenant of the plaintiff Stephen Ridgley on the 15th day of March, 1851; that there was no written lease or agreement between the parties regulating such tenancy; that said Stillwell was the tenant of said Ridgley on the 21st day of August, 1856, occupying the premises described in plaintiff's complaint; that on said 21st day of August, said Ridgley caused a copy

of the notice read in evidence to be served on said Stillwell; and that said Stillwell continued in the possession of said premises until after the institution of this suit; then the plaintiff is entitled to recover."

The defendant asked and the court gave the following instructions: " 2. If the finding is for the plaintiff, the jury, in estimating the rents and profits, may take into consideration what would be a fair and reasonable rent for the premises from the time the defendant's tenancy terminated. 3. The plaintiff can not recover in this action unless he has shown in evidence to the satisfaction of the jury that he let the premises in question to the defendant; that defendant went into possession of the premises as tenant of the plaintiff under such letting; that the time or term for which the premises were let to the defendant had fully elapsed before this suit was begun; and that defendant wilfully held over or continued to occupy the premises after the termination of the time for which they were let to him and after demand had been made upon him in writing by the plaintiff for the deliverance to him of the possession of said premises." The court, of its own motion, instructed the jury as follows: " 4. If the jury find the notice to quit, given in evidence in this case, was served on the defendant on the 21st day of August, 1856, then the time for which the premises were let to the defendant terminated on the 15th day of March, 1857."

The defendant also asked the following instructions, which the court refused: " 5. If the plaintiff, in the year 1851, by a verbal agreement with the defendant, let the premises in question to him for a term of years and reserved rent therefor; if the defendant went into possession of the premises as the tenant of plaintiff under such verbal letting, and if the time or term for which the premises were so let to the defendant had not fully elapsed before this suit was begun, then the plaintiff can not recover in this action and the jury should find for the defendant. 6. If the plaintiff, by a verbal agreement, let the premises in question to the defendant, which letting began on the 15th of March, 1851, and

was to continue three years; if the defendant in pursuance of such letting entered the premises, and if he has continued ever since in the peaceable possession of the premises to the time of bringing this suit, then the plaintiff is not entitled to recover in this action. 7. The notice read in evidence which was served on the defendant on the 21st day of August, 1856, is not sufficient to terminate the tenancy of the defendant created by the verbal letting given in evidence, unless it has been shown in evidence to the satisfaction of the jury that said notice was served upon the defendant while on the premises in question, or on some one occupying said premises under the defendant, or his agent or servant, and that such service was full six months before the 15th March, 1857."

The jury found for the plaintiff.

*Krum & Harding*, for plaintiff in error.

I. The only point made on behalf of the plaintiff in error is that the court erred in excluding the proof offered by him. The offer included, 1st, a parol demise for ten years; 2d, the entry of defendant under the demise; 3d, improvements made by the lessee after going into possession; 4th, payment of rent under the agreement. That these facts took the letting or agreement out of the statute of frauds, see 15 Mo. 365; 18 Mo. 78; 26 Mo. 221; 7 Conn. 224, 342; 2 Hill, 421; 1 Sandf. Ch. 579; 14 Verm. 440; 8 N. H. 9; 1 Root, 77, 142, 233, 497, 594; 2 Root, 191; 3 Stew. 207; 9 Pet. 86.

*Knox & Kellogg*, for defendant in error.

I. The evidence offered was properly excluded.

RICHARDSON, Judge, delivered the opinion of the court.

By the statute of frauds, the estate in this case, being created by parol, had only the force and effect of an estate at will, (1 R. C. 1855, p. 806,) which is construed to operate as a tenancy from year to year. (Kerr v. Clark, 19 Mo. 132.)

The theory of the defence which the defendant proposed to make is, that part performance of the parol contract took it out of the statute and entitled him in equity to a specific performance; but this proceeding was for an unlawful detainer, which was necessarily commenced before a justice of the peace, who had no power to inquire and decide whether the contract ought to be enforced and to give the equitable relief the defendant sought. If the defendant was entitled to have the parol agreement executed, his course was to have enjoined, in a court of competent jurisdiction, the proceedings before the justice until his equity could be determined.

The judgment will be affirmed, with the concurrence of the other judges.