TERRENCE SCULLY, Respondent, *v.* ANDREW MURRAY, Appellant.

*Landlord and Tenant—Statute of Frauds—Tenants from year to year.*—Where a tenant enters into possession of premises under an agreement for a lease for years, which is void as not being in writing, he becomes a tenant from year to year. Although he pay the rent monthly, that does not constitute him a tenant from month to month, and he cannot quit possession at the end of any month, and thereby discharge himself from further payment of rent.

*Appeal from Law Commissioner's Court.*

*Hume,* and *Davis & Evans,* for appellant.

I. The evidence showed that the entry was under a parol agreement for a written lease for a term of years, which was often demanded by the defendant, and as often refused by the plaintiff. (Anderson v. Prindle, 23 Wend. 616; Tay. Land. & Ten. § 60.)

*A. M. & S. H. Gardner,* for respondent.

I. The contract proven on the trial was a verbal renting for a term of years; this created a tenancy from year to year and not from month to month.

The case at bar is exactly parallel with the case of Kerr v. Clark, 19 Mo. 132.

II. Defendant having occupied the premises in question a year and ten months under a verbal lease for six years, became a tenant from year to year ; and to terminate his tenancy he should have given notice, in writing, of his intention so to do three months next before the end of the year. (R. C. 1855, p. 1012, § 12.)

BATES, Judge, delivered the opinion of the court.

This suit was brought to recover the rent of a house for one month. Plaintiff, by parol, rented a house to defendant for six years, at a rent payable monthly. This lease being followed by occupancy and the payment of rent, though declared by the statute of frauds to create only a tenancy at will, has the effect of creating a tenancy from year to year. (Kerr v. Clark, 19 Mo. 132; Tay. Land. & Ten., § 70.)

The defendant left the house and tendered the key to the plaintiff, which he refused; and this suit is for the rent for one month after the defendant had left the house. The defendant gave evidence tending to prove that he entered into possession under a verbal contract for a written lease, and that the plaintiff refused to execute the lease, and the defendant asked the following instruction, which was refused. "If Murray entered into possession of the premises under a verbal contract for a written lease for six years, the rent to be paid monthly, and Scully refused to execute the written lease, and Murray continued in possession, paying rent from month to month, a tenancy from month to month was thereby created commencing from the time of entry, and Murray had a right to leave at the end of any month without giving written notice of said intention."

It is not perceived how the promise to give a written lease, and the breach of that promise, can alter the relations of the parties in respect to the nature of the tenancy ; and the continued occupation by the tenant and payment of rent by him, continued same relation of landlord and tenant between the parties. Nor is it perceived that the monthly payment of rent constituted it a tenancy from month to month,

(any more than the quarterly payment of rent would create a tenancy from quarter to quarter) so as to authorize the tenant to terminate the lease at the end of any month with·out notice. In the case of Anderson v. Prindle, 23 Wendell, 616, the Court of Error of New York, in a case very similar to the present one, held the tenancy to be from month to month; but that case is thought to be in conflict with case of Kerr v. Clark, above cited, decided by this court as well as with other New York and English cases.

Judgment affirmed. Judges Bay and Dryden concur.