MELCHOIR HOSLI, Respondent, v. HENRY YOKEL, Appellant.

St. Louis Court of Appeals, May 1, 1894.

1. **Landlord and Tenant:** TENANCY FROM YEAR TO YEAR: TERMINATION BY NOTICE. An oral letting of a farm for a term of years, followed by the entry and possession of the tenant, creates a term from year to year. The landlord can only terminate it by legal notice.

2. **Forcible Entry**: POSSESSION BY PLAINTIFF. A lessee, who actual y occupies a part of the demised premises under a claim of the whole under his lease, has a sufficient possession of the entire premises to support an action of forcible entry therefor.

3. ————: NOMINAL DAMAGES FOR MONTHLY RENTS. A judgment for one dollar for monthly rents and profits in such an action is not a nominal judgment, since these rents and profits accumulate and are doubled.

*Appeal from the St. Louis County Circuit Court.—Hon.* RUDOLPH HIRZEL, Judge.

JUDGMENT MODIFIED AND AFFIRMED.

*A. McElhinney* for appellant.

*D. C. Taylor* for respondent.

ROMBAUER, P. J.—This cause of action grew out of the same controversy as the case of *Hosli v. Yokel,* 57 Mo. App. 622. That case was one brought by the tenant against his landlord for the unlawful asportation of certain crops by the landlord, while the case at bar is one of forcible entry and detainer brought by the same tenant against the same alleged landlord. The main controversy upon the trial was whether the tenant Hosli had actual possession of the entire lot 6 of Conway's subdivision in St. Louis county, less five acres thereof, when Yokel, the landlord, by threats ousted him from such possession, or whether he had possession only of a small tract of ground which he was then clearing from timber. The plaintiff tenant offered evidence to the effect that he went into possession of lots 4, 5 and 6, of Conway's subdivision under a verbal letting from the defendant on August 18, 1892, and a verbal agreement from the defendant for a lease to him of these lots for a term of four years, and that the defendant landlord on the first of March, 1893, or

shortly thereafter, forcibly ejected him from the premises by threats and offers of violence to his wife and servant. The letting, although not valid as one for a term of years, was turned, by the plaintiff's taking possession of the ground, under the decisions in this state, into a tenancy from year to year. *Kerr v. Clark*, 19 Mo. 132; *Ridgley v. Stillwell*, 28 Mo. 400; *Scully v. Murray*, 34 Mo. 420.

The plaintiff's complaint was filed before a justice on March 8, 1893, and claimed $150 damages for the wrongful entry, but no monthly rents. The cause was tried in the circuit court on October 10, 1893. If there was constructively a letting from year to year, such letting had not been terminated prior to the trial, except by the forcible ouster of the plaintiff. The jury found for the plaintiff, and assessed his damages at $100 and found nominal monthly rents. The evidence on the subject of damages was very meager, and of a character warranting its exclusion by the court, had proper objection been made thereto. But it was admitted without objection, and had a tendency to prove the amount of $100 which was the amount found by the jury. As no complaint is made in the motion for new trial that the damages are excessive, we are not warranted in disturbing the verdict on account of excess in the damages.

The only complaint which is made on this appeal, entitled to any consideration, is that there was no substantial evidence to show that the defendant was in possession of the entire lot. There was evidence to show that the plaintiff leased all three lots from the defendant, and was in actual occupancy of part of the lot in question with a claim to the whole (except the five acres), when the ouster took place. This was sufficient to warrant the jury in finding that his possession extended over the entire lot, excepting the five acres.

*Bradley v. West*, 60 Mo. 59; *Merchant's Bank v. Calvin*, 60 Mo. 559; *Willis v. Stevens*, 24 Mo. App. 494.

We have examined the instructions, and find that they placed before the jury in a proper manner the evidence of both parties, and state the law correctly.

Finding no error in the record warranting a reversal, we affirm the judgment.    All concur.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The appellant complains in his motion for rehearing that we overlooked the fact that, at the date of the trial of this cause in the circuit court, the term of the plaintiff lessee had expired according to his own evidence, and, hence, he was not entitled to a judgment of restitution. This complaint is based on an erroneous conception of the law. An oral letting *for a term of years*, followed by entry and possession of the tenant, gives him a term *from year to year* which must be terminated by legal notice, and not a term *for one year* as the appellant assumes.

The appellant's next complaint is that the verdict is against the instructions of the court. As there was neither prayer nor evidence touching the monthly rents and profits, the court instructed the jury to find for the plaintiff nominal rents, and the jury found the rents at $1. While in an ordinary action $1 has often been considered as nominal damages, it must be considered as more than nominal damages in an action of forcible entry, where the rents accumulate monthly, and are doubled by the statute. It results from this fact that the finding of the jury, although directed to be nominal, subjects the defendant at this date to an additional liability of at least fourteen

dollars. Under these circumstances, we conceive the appellant's complaint is just, that the verdict was against the instructions of the court and is unwarranted by the evidence. The judgment will be modified so as to strike from it all allowance on account of monthly rents, and will be affirmed only as thus modified. This makes the respondent liable for the costs of this appeal. Judge BOND concurs. Judge BIGGS is absent.