# H. C. BUTTS, Appellant, v. GEORGE FOX, Re-
spondent.

### Kansas City Court of Appeals, November 3, 1902.

1. **Landlord and Tenant: LEASE: FRAUDS AND PERJURIES:**
**NOTICE.** Where, in a verbal lease, time is not mentioned, notice
to quit is necessary and the statute of frauds does not invalidate a
lease for one year, but the time is computed from the time of mak-
ing the contract of lease to the end of the term, and if this time is
for more than one year the statute invalidates the lease.

2. ———: ———: ———: ———. In any case of entry and pay-
ment of rent under a lease made invalid by the statute of frauds,
the agreement for its termination will bind the parties if the prop-
erty is held up to the period designated in the lease and no notice
to quit will be necessary; though if such lease be for a number of
years it may be terminated at the end of any yearly period on
proper notice.

Appealed from Livingston Circuit Court.—*Hon. J. W.
Alexander,* Judge.

REVERSED AND REMANDED (with directions).

*Jos. Barton* and *Sheetz & Sons,* for appellants.

(1) No demand ·in writing for the delivery of
possession was necessary. R. S. 1899, sec. 3321; Bierk-
enkamp v. Berkenkamp, 88 Mo. App. 448; Young v.
Smith, 28 Mo. 68. (2) No notice to quit was neces-
sary. R. S. 1899, sec. 4111; Ish v. Chilton, 26 Mo.
259; Young v. Smith, 28 Mo. 69; Stephens v.
Brown, 56 Mo. 25; Hulett v. Nugent, 71 Mo. 132;
Russell v. McCartney, 21 Mo. App. 547; Johnson
v. Hartshorn, 52 N. Y. 173-176. (3) The statute
of frauds does not apply. This was not a letting

for a term of years. R. S. 1899, sec. 3414; Kerr
v. Clark, 19 Mo. 132; Ridgley v. Stillwell, Mo. 400.
The above section and all the decisions under it have
reference only to parol leases for years or some indefi-
nite term; and even then the leases are not void.  Wil-
liams v. Deriar, 31 Mo. 18; Cunningham v. Roush,
157 Mo. 341. (4) A parol lease for one year is valid.
R. S. 1899, sec. 3418; Hoover v. Oil Co., 41 Mo. App.
317.

*Miller Bros.* and *Commodore Smith* for respond-
ent.

(1) The court made no finding showing his rea-
sons for granting new trial. The motion goes to the
insufficiency of the plaintiff's evidence. This power
was discretionary in the trial court, and for this reason,
the motion was granted. This power rests particular-
ly with the trial judge. Taylor v. Railroad, 63 S. W.
375; Baughman v. Fulton, 139 Mo. 577; Bank v. Wood,
124 Mo. 72. (2) It is not within the proper province
of the appellate court to reverse ruling of trial court,
unless there has been an abuse of discretion on part
of trial judge. Laclede P. Co. v. Nash, 69 S. W. 28;
Bag Co. v. Commission Co., 74 Mo. App. 627; Roe v.
Bank, 67 S. W. 306. (3) The contract made between
W. B. Wilson and James T. Hale, parties of the first
part, and George Fox of the second part, in 1900, was
invalid for the reason that a verbal contract which can
not be performed in one year from the date upon which
it is made is squarely within the prohibition of the
statute of frauds. Briar v. Robertson, 19 Mo. App.
66; Sharp v. Rhiel, 55 Mo. 97; Sect. 2513, Revised Stat-
utes, Mo. 1879; Browne on Statute of Frauds, sec. 272.
(4) The contract under which the parties were sup-
posed to be acting being invalid, then what are the re-
lations and rights of the parties? Beiler v. Devoll,
40 Mo. App. 254; Delano v. Montague 4 Cush. 44; Kerr
v. Clark, 19 Mo. 133; 29 Car. 2, chap. 3; Hoover v. Oil
Co., 41 Mo. App. 327; Koplitz v. Gustavus, 48 Wis. 48;

Tiefenbrun v. Tiefenbrun, 65 Mo. App. 254. (5) Written notice is required to terminate a tenancy from year to year. R. S. 1899, sec. 4109; Beiler v. Devoll, 40 Mo. App. 255.

ELLISON, J.—This is an action of unlawful detainer. The verdict in the trial court was, on peremptory instruction, for plaintiff. On motion of defendant this was set aside and a new trial granted. Plaintiff appealed from the order granting a new trial.

The facts necessary to state are these: Defendant rented a farm of Hale and Wilson by verbal lease for one year, beginning March 1, 1900, and ending March 1, 1901. In November, 1900 defendant, by verbal lease, again rented the place of them for the following year, beginning March 1, 1901, and ending March 1, 1902. After defendant had entered upon his second year, viz., in May, 1901, Hale and Wilson sold the farm to the plaintiff and defendant attorned to him and paid him a part of the annual rent due under the last lease aforesaid. A few days after the end of the time of the second letting, to-wit, on March 6, 1902, plaintiff begun this action.

Plaintiff did not give defendant sixty days' notice to quit, and the sole question presented by the case is, was a notice to quit necessary? We have not been cited to a case in this State on that question. The view of the trial court as evidenced by an instruction for plaintiff, was that it was not. But that court came to a different conclusion as is evidenced by granting the new trial.

That our answer to that question may be fully understood, it will be necessary to consider the nature of the tenancy as it may be affected by the statute of frauds first stating that in a lease for time certain, no notice is necessary. If time is not mentioned, notice is necessary. Young v. Smith, 28 Mo. 65. A verbal lease for not more than a year is not invalidated by the statute of frauds. Hoover v. Pacific Oil Co., 41 Mo. App. 317. And, therefore, this lease being for a

period of just one year would not be invalidated by that statute, but for the consideration that it was made in November, which was several months prior to the commencement of the term; the rule being that the time is computed from the making of the contract and not from the commencement of the performance. Briar v. Robertson, 19 Mo. App. 66; Beiler v. Duvoll, 40 Mo. App. 251. This lease was therefore invalid under the statute.

It is only invalid because the period of its duration is beyond the time allowed by the statute to verbal leases. In all other respects the provisions of the lease are valid and it only needs a period of duration to become effective. That element is furnished by entry and payment of annual rent as agreed. The law then gives a duration or period of from year to year, that is to say, the lessee becomes a tenant from year to year. Judge NAPTON stated in Williams v. Deriar, 31 Mo. 13, that it was "well settled that in cases of verbal leases for more than a year, which the statute declares leases at will, and which entry and payment of rent convert into tenancies from year to year, that the stipulations of the contract, as to repairs, as to the amount of rent, as to the time when the tenant must quit, are still enforced." What does the expression as to the *time* when the tenant shall quit mean? It means that the time set in the invalid verbal lease for the ending of the term governs, unless, before the ending of the term it is terminated by proper notice at the ending of some yearly period. And since the tenancy is one from year to year and must terminate at the end of some yearly period, it follows, that such year to year tenancies are always good for at least one year. It will be seen from this that if the term, as fixed by the invalid lease, is one year, it terminates at that time without notice. If the term is for several years, then either party may terminate it by proper notice at the end of any yearly period; but if it is held until the end of the time fixed in the lease it terminates without notice. 2 Taylor's Landlord and Ten.,

sec. 471; Wood's Landlord and Ten., sec. 23; Tress v. Savage, 4 El. & Bl. 43; Berry v. Lindley, 3 M. & G. 498; Davenish v. Moffatt, 15 A. & E. 257; Adams v. City of Cohoes, 127 N. Y. 175; Coudert v. Cohn, 118 N. Y. 309.

In the Tress case the invalid lease was for three years and it was held that the lessee did not have a tenancy for three years, "but a tenancy from year to year, which during that time, is determinable by a half year's notice. If he stays to the end of the time, then, by agreement of both parties, he goes out without notice." In the Berry case, the invalid lease was for five and one-half years and TINDAL, C. J., said that "either party was at liberty to put an end to the tenancy without notice in the event of the whole of the period of five years and a half being suffered to run out." COLTMAN, J., said in the same case that, "a party who enters under an agreement void by the statute of frauds, becomes by that statute tenant at will to the owner, and the tenancy described in the statute as a tenancy at will has since been construed to enure as a tenancy from year to year. But such tenant may quit without notice, and be ejected without notice, at the expiration of the period contemplated in the agreement." MAULE, J., in the same case said, "that the defendant became tenant to the plaintiff from year to year, for so long a time as they should respectively please, determinable at the end of any year at a half year's notice, the defendant to go out at the end of five years and a half *without* notice." In Devenish v. Moffatt, Lord CAMPBELL said that, "we think the tenancy created from year to year must be understood to continue only during the three years, liable to be determined during the three years by a notice to quit, and expiring at the end of the three years by efflux of time."

The result of these authorities is that in any case of entry and payment of rent under a lease made invalid by the statute of frauds, the agreement in such lease for its termination will bind the parties if the

property is held up to that period.    In the present case the defendant entered the premises and paid yearly rent which made him a tenant from year to year, but he agreed upon the specific time of one year. He held until that time and therefore was not entitled to notice to quit.

It is scarcely necessary to state, in conclusion, that we have treated of tenancies from year to year.    A letting for a less period than a year and payment of rent accordingly, say from month to month, would create that sort of tenancy; and what we have said herein could be applied to that kind of case.

The new trial should not have been granted and the order to that effect will be reversed and the cause remanded with instructions to reinstate the verdict. All concur.

