RAY et al., Appellants, v. BLACKMAN, Respondent,

St. Louis Court of Appeals, October 30, 1906.

1. LANDLORD AND TENANT: Statute of Frauds: Tenancy from Year to Year: Notice to Quit. A parol contract for a lease of lands for a term of years, which is converted into a tenancy at will by the operation of the Statute of Frauds, section 3414, Revised Statutes 1899, but which is followed by an entry of possession and payment of rent by the tenant, becomes a tenancy from year to year by operation of law and requires sixty days' notice to quit in order to terminate it at the end of any current year under the provision of section 4109, Revised Statutes 1899.

2. ———: **Expiration of Term: Notice to Quit.** Where a tenancy expires at a given time by the terms of the contract of letting, notice to quit is unnecessary both under the statute, section 4111, Revised Statutes of 1899, and at common law.

3. ———: **Statute of Frauds: Tenancy from Year to Year.** Where a parol contract of lease, within the Statute of Frauds, has been followed by an entry and continuation of possession and attornment on the part of the tenant to the end of the term, the contract being thus performed is valid with respect to repairs, the amount of rent reserved and the time set for the termination of the tenancy.

4. ———: ———: ———: **Notice to Quit.** Therefore such a contract, though invalid under the Statute of Frauds, when executed, is treated as valid, when thus performed, so far as the time of expiration of the tenancy is concerned, and no notice to quit is necessary at the expiration of the term in order that the landlord may recover possession.

5. ———: ———: **Tenancy for Definite Time: Notice to Quit.** A parol contract to lease premises for one year and to be performed within one year is not within the Statute of Frauds and is binding upon the parties; it expires at the time agreed upon and no notice to quit is necessary; several rules in relation to the circumstances under which notice to quit shall be necessary are laid down.

6. ———: **Unlawful Detainer: Demand.** Under the provisions of section 3321, Revised Statutes of 1899, a person is guilty of unlawful detainer by holding over after the termination of the time for which the premises are let, or if he obtain by disseizin, and continue in, possession after *"demand"* made in writing; from this it appears he is guilty of unlawful detainer if he hold over without "demand," whereas if he obtains possession by disseizin he is not guilty of unlawful detainer until after "demand." Therefore in a case of holding over, demand is unnecessary in order that the landlord may recover possession.

7. ———: **Expiration of Term: Assignee of Lessor.** Where a tenancy by its terms expired at a given time and the tenant held over, one to whom the landlord conveyed the premises could recover possession under the provision of section 3352, Revised Statutes of 1899, although the conveyance was made after the term expired, and the tenant attorned to him.

8. ———: **Statute of Frauds: Contract not to be Performed within a year.** Where a landlord and his tenant entered into a parol agreement in October by which the premises were leased to

the tenant for a year beginning on the following January, the contract was within the Statute of Frauds and invalid because not to be performed within a year from the time it was made.

Appeal from Stoddard Circuit Court.—*Hon. Jas. L. Fort*, Judge.

REVERSED AND REMANDED (*with directions*).

*N. A. Mozley, Ralph Wammack* and *H. S. Shaw* for appellant.

(1) If defendant's version of the alleged renting is true, his contract was clearly void because not in writing and not to be performed within one year from the making thereof. Plaintiff's instruction numbered 1, prayed for, declares the law should have been given. R. S. 1899, sec. 3418; Butt v. Fox, 96 Mo. App. 437. Defendant's instruction numbered 1 is plainly erroneous. A verbal agreement to lease not to be performed within one year from the date of the making thereof would not entitle the lessee to the possession as against a bona fide purchaser of the land who, if he knew of the existence of the alleged lease at all, knew it was within the Statute of Frauds and void. (2) The fact that defendant was in possession under a former lease cuts no figure. It does not take his verbal contract not to be performed within a year out of the Statute of Frauds. Beiler v. Devoll, 40 Mo. App. 251. Cook v. Redman, 45 Mo. App. 397; Nally v. Reading, 107 Mo. 350.

*D. R. Cox* and *Ed. Edmonds* for respondents.

STATEMENT.—This is an action of unlawful detainer, predicated upon section 3321, R. S. 1899. The complaint is in the usual form. The plaintiff had recently, prior to the institution of this suit, purchased the lands, the possession of which are involved, from one Slayton. The defendant having been a tenant of Slay-

ton, was holding over and refused to surrender posses-
sion to the plaintiff. The material facts developed on
the trial are as follows.

On behalf of plaintiff, A. H. Slayton testified that
he had owned the lands for several years and, as we un-
derstand the evidence, had by two separate parol con-
tracts, each for one year, demised the premises to the
defendant Blackman for the years 1903 and 1904; that
is to say, the first parol contract was for a term of one
year, commencing January 1st and terminating Decem-
ber 31, 1903, and the second parol contract was for a like
term, commencing January 1st and terminating Decem-
ber 31, 1904. The evidence is not entirely clear in this
respect, however, and there may have been but one let-
ting, which was a parol contract for two years, the term
commencing January 1, 1903, and ending December 31,
1904. While, of course, the latter letting would fall
within the Statute of Frauds, we do not regard the mat-
ter as material on the record before us inasmuch as
upon either theory, it is conceded that the term ended
on a day certain, to-wit, December 31, 1904. That there
were two separate parol lettings, each for one year, is
our construction of the evidence, however. At any rate,
the defendant was tenant to Slayton and his term expir-
ed as stated, December 31, 1904. He further testified
that on January 9, 1905, he, Slayton, sold and conveyed
the lands to the present plaintiff and that the defendant
was holding over at the date of the sale without author-
ity, he having no contract, verbal or otherwise, for the
year 1905.

The defendant Blackman testified that he rented
the farm from Slayton under a verbal contract, or con-
tracts, for the year 1903 and the year 1904, up to and
including December 31, of the last-named year and
made, as he and several witnesses in his behalf related,
a verbal contract of date October 29, 1904, with Slayton
whereby he claims to have rented the premises for an-

other year, to-wit, 1905. Quoting from the record, defendant's testimony on this point is as follows:

"On the twenty-ninth day of October, 1904, on the farm near Bernie, Missouri, I talked with Slayton about renting it for another year and on that date I made a contract to rent the place for a term beginning January 1, 1905, and ending January 1, 1906. It was a verbal contract. There was no writing."

It is proper to say here that Slayton denied having made the contract mentioned or any other contract for the year from January 1, 1905, to January 1, 1906.

The plaintiff requested and the court refused the following instruction:

"The court instructs the jury that the contract under which defendant claims possession of the premises in suit, for the year 1905, if made at all, was a verbal contract or lease and, under the proof, was entered into on the —— day of October, 1904, and you are instructed that said contract or lease is within the Statute of Frauds, because not to be performed within one year from the making thereof, and is null and void, and your finding will be for the plaintiff."

To which action of the court the plaintiff saved his exceptions.

On behalf of defendant, the court gave several instructions to the jury on the theory and to the effect that if the jury believe from the evidence that the defendant rented the farm as claimed by him from Slayton by a parol contract during the year 1905, for the term commencing January 1, 1905, and ending January 1, 1906, and prior to Slayton's sale of the farm to plaintiff, then the verdict should be for the defendant. The verdict and judgment were for the defendant and plaintiff appeals.

NORTONI, J. (after stating the facts.—1. It appears from the uncontroverted evidence that the defendant was in possession of the premises under a parol con-

tract whereby the term expired December 31, 1904. It is not shown in the case that either the plaintiff or his grantor, Slayton, had given defendant notice to quit, nor is there a showing that demand had been made on him for the surrender of the premises prior to the institution of the suit as contemplated under the second provision of section 3321, R. S. 1899, in relation to unlawful detainer. In this state of the record, the question presented is: is plaintiff entitled to recover in the absence of a showing of either notice to quit or demand for possession? It is suggested that if the letting of the premises for the years 1903 and 1904; that is, from January 1, 1903, to December 31, 1904, was had by parol contract for a term of two years, the defendant having entered into possession and attorned to the landlord thereunder, that then, under the operation of the Statute of Frauds, there was created a tenancy from year to year, the termination of which necessitated sixty days' notice in writing, under section 4109, R. S. 1899. Now it is true that the Statute of Frauds, section 3414, R. S. 1899, declares that an estate in or tenancy for the occupation of lands created by parol contract for a term of years shall have force and effect only of an estate at will, when such estates or tenancies are followed, however, by entry of possession and payment of rent thereunder, the statute is construed to create by operation of law a tenancy from year to year rather than an estate at will, according to the strict letter of the enactment, and therefore on this theory of the evidence, the tenancy is one from year to year. [Kerr v. Clark, 19 Mo. 132; Ridgley v. Stillwell, 28 Mo. 400; Goodfellow v. Noble, 25 Mo. 60; Williams v. Deriar, 31 Mo. 13; Scully v. Murray, 34 Mo. 420; Winters v. Cherry, 78 Mo. 344-347; Tiefenbrun v. Tiefenbrun, 65 Mo. App. 253; Davies v. Baldwin, 66 Mo. App. 577; Hosli v. Yokel, 58 Mo. App. 169; Delaney v. Flanagan, 41 Mo. App. 651; Adams v. City of Cohoes, 127 N. Y. 175; Coudert v. Cohn, 118 N. Y. 309; Berrey

v. Lindley, 3 Man. & G. 512.] And it is well settled that under such estate for a term of years, if either party desires to terminate the tenancy during the term and prior to its final determination by the provisions of the contract of letting, he may do so by giving to the other party the usual sixty days' notice in writing prior to the end of any current year, as is provided in section 4109, R. S. 1899. [Scully v. Murry, 34 Mo. 420; Grant v. White, 42 Mo. 285; Hosli v. Yokel, 58 Mo. App. 169; Davies v. Baldwin, 66 Mo. 577; 2 Taylor, L. & T. (9 Ed.), sec. 467; 1 Wood on L. & T. (2 Ed.), sec. 36.] This rule we understand to obtain with respect to the termination of the tenancy, at the end of any current year of such tenancies from year to year, created by parol under the operation of the Statute of Frauds, supra. We do not understand the rule requiring sixty days' notice to terminate the tenancy to obtain, however, when the tenancy expires by the limitation or time fixed by the contract of letting, for in such cases the tenancy expires by virtue of the contract itself and notice is dispensed with by the stipulation of the parties themselves contained in the contract fixing the determination of the term at a time certain. By the plain provisions of our statute, no notice to quit is necessary to terminate the tenancy when the term of lease is fixed to terminate on a day certain. The statute is as follows: "No notice to quit shall be necessary from or to a tenant whose term is to end at a certain time, or when, by special agreement, notice is dispensed with." [Sec. 4111, R. S. 1899.] There is nothing in this statute which limits its operation to leases in writing or to parol agreements for one year only or to be performed within one year from the making thereof, or, in other words, contracts not affected by the Statute of Frauds. By its plain provisions, it applies to terms that are "to end at a certain time." Indeed, the statute is merely declaratory of the common law on the subject. [Cobb v. Stockes, 8 East.

358; Young v. Smith, 28 Mo. 65-69.] As said by Judge SCOTT in the case last cited; the principle is: "When the term of a lease is to end on a precise day, there is no occasion for a notice to quit previously to bringing an ejectment because both parties are equally apprised of the determination of the term." The general proposition that no notice is rejuired from or to a tenant when the term expires on a day certain, is so well settled in the law of landlord and tenant, both at common law and under the statute, that it is unnecessary to cite authorities thereon. The following are in point however: Young v. Smith, 28 Mo. 65; Anderson v. McClure, 57 Mo. 93; Butts v. Fox, 96 Mo. App. 437; 13 Amer. & Eng. Ency. Law (2 Ed.), 769; 2 Taylor on L. & T. (9 Ed.), secs. 464, 468, 471; 1 Wood on L. & T. (2 Ed.), sec. 23-36. Now, parol leases for a longer term than one year, and therefore invalid by virtue of the operation of the Statute of Frauds, and hence, when followed by entry, possession and payment of rent on the part of the tenant, are converted by construction and operation of law into tenancies from year to year, are rendered invalid solely because of the time of duration; i. e., because they exceed the one year limit and impugn the provisions of section 3414 and 3418, R. S. 1899, and for no other reason. It does not follow therefrom, however, that each and all of the provisions of such contracts are invalid when the tenant has entered and continued in possession of the premises and attorned to his landlord thereunder and the courts have universally held that the stipulations of such contracts with respect to repairs and as to the amount of rent reserved and as to the time set for the termination of the tenancy are all and each of them valid and binding upon the parties and may be enforced as such, as will appear by consulting the following authorities. [Butts v. Fox, 96 Mo. App. 437, 70 S. W. 515; Adams v. City of Cohoes, 127 N. Y. 175; Coudert v. Cohn, 118 N. Y. 309; Berrey v. Lindley, 3

Man. & G. 512; Tress v. Savage, 4 L. & B. 36-43; Davenish v. Moffatt, 15 A. & E. 257; 2 Taylor on L. & T. (9 Ed.), sec. 471.]

From what has been said, it is obvious that if the various enumerated provisions of such invalid contracts followed by entry, occupation and attornment, are upheld and enforced, among which is the provision of the contract fixing a time certain for the termination of the lease, then that provision is not rendered ineffective or inoperative by virtue of the statute in such cases, but, on the contrary, it is given full life and vigor by the courts when the party has occupied and attorned under it to the termination of the lease even though it be a provision of a contract rendered invalid by the statute because of its time of duration and the authorities deduce the principle and adhere to the doctrine that no notice to quit is necessary when the invalid parol lease expires on a day fixed, a time certain, and the tenant has occupied and attorned thereunder the full term and up to such time of termination for the reason that in such cases the provision is a valid stipulation and that inasmuch as the parties have contracted with respect to it, they are advised of its influence and of the time when the lease expires, and therefore no notice to quit is necessary. [Butts v. Fox, 96 Mo. App. 437; 2 Taylor on L. & T. (9 Ed.), sec. 471; Adams v. City of Cohoes, 127 N. Y. 175; Coudert v. Cohn, 118 N. Y. 309; Berrey v. Lindley, 3 Man. & G. 598; Tress v. Savage, 4 L. & B. 36-42; Davenish v. Moffatt, 15 N. & E. 257; see also Williams v. Deriar, 31 Mo. 13.] We have thus far treated the question upon the theory that the evidence shows the lease to have been by parol for a longer term than one year; i. e., from January 1, 1903, to December 31, 1904, and therefore invalid under the Statute of Frauds; but as said in the statement of facts accompanying the opinion, we do not so understand the case. Inasmuch as the evidence is not entirely clear on the subject, however,

we have deemed it just to examine the case upon either hypothesis.

From what has been said, it is obvious that the tenant in this case, having entered into possession under the parol lease, paid the rent and acknowledged Slayton as his landlord up to the date fixed by the contract for the termination of the term, he was not entitled to notice to quit and it was not incumbent upon plaintiff to show that such notice had been given.

2.    The next question suggested is: was the defendant entitled to notice on the theory that the evidence shows the contract, or contracts, under which he occupied, were for one year only, i. e., from January 1, to December 31, 1903, and the second contract, from January 1, to December 31, 1904? Under this view of the evidence, which we are inclined to consider the most accurate theory, the leases would have been for one year and each to be performed within one year of the time of the making thereof; that for the second year, expiring December 31, 1904; and under such circumstances, even though it was parol, it was valid under the law. [Hoover v. Pacific Oil Co., 41 Mo. App. 317; Butts v. Fox, supra.] And the time of its expiration having been fixed thereby to be December 31, 1904, no notice to quit from or to the defendant was necessary. [Sec. 4111, R. S. 1899, and cases cited supra.]

From the authorities, the following propositions may be deduced as true.

a.    If the parol lease is for one year and to be performed within one year from the making thereof, it is valid in law and the time certain for its termination being fixed thereunder, no notice to quit is necessary from or to the tenant.

b.    If the parol lease is for one year, and is invalid by the provisions of the statute, because not to be performed within one year of the making thereof, and the tenant has entered into possession, paid rent, etc.,

the time of its termination having been provided therein, such provision is valid and no notice to quit from or to the tenant is necessary.

c. If the parol lease is for a term of years ending at a time certain, and it is invalid by the operation of the statute as to the duration of the term and the tenant, having entered into possession, attorned, etc., thereunder, the lease is thereby converted into a term from year to year and either party may terminate the same by giving the usual sixty days' notice in writing next prior to the end of any current year.

d. If the parol lease last mentioned, invalid by the operation of the statute because of the term of years, expires by its provision on a date certain and the tenant enters and attorns to the landlord and occupies thereunder up to the date fixed for its expiration, such stipulation with respect to its termination is valid in law, will be sustained by the courts and no notice to quit is necessary either for or to the tenant in such case.

e. If the lease is by parol and is for an indefinite term, no period of time mentioned, and the tenant enters, attorns, etc., it is thereby, by operation of law, converted into a lease from year to year and sixty days' notice to quit prior to the termination of any yearly period is neccessary from or to the tenant thereunder.

With these observations, it is the opinion of the court that no notice to quit was necessary in this case.

3. The next question presented by the record is: was it incumbent upon the plaintiff to show that he had made demand on defendant for the premises? Now, it appears that the unlawful detainer contemplated and provided for in our statute is of two kinds or classes. That with respect to which provision is made in the first part of section 3321 is: (quoting the section) "When any person shall willfully and without force hold over any lands, tenements or other possessions, after the termination of the time for which they were demised

or let to him or the person under whom he claims . . . such person shall be deemed guilty of an unlawful detainer." It is quite obvious from a careful reading and interpretation of the statute quoted that when a case falls under the first provision of the section, no demand is necessary. It is apparent that a demand is not imposed by the language quoted as a condition precedent, the substance of the provision being merely that when one, whose term has terminated on a day certain, willfully holds over without authority after the termination of such term, he may be proceeded against forthwith without demand for possession, just as he may be proceeded against without notice to quit, on the theory, of course, that he well knows his time has expired and therefore he no longer has the right to occupy the premises, as contemplated by both the common law and the statute heretofore adverted to. Authorities are abundant to the effect that in actions properly falling within the purview of the first provision of the statute, no demand is required as a prerequisite to the institution of the suit, as will appear by consulting the following cases: Witte v. Quinn, 38 Mo. App. 681; Anderson v. McClure, 57 Mo. App. 93; Leahy v. Lubman, 67 Mo. App. 191; Bierkenkamp v. Bierkenkamp, 88 Mo. App. 445.

The second or subsequent provision in the same section contemplates an entirely different state of facts and provides that, "When any person wrongfully and without force, by disseizin, shall obtain and continue in possession of any lands, tenements, or other possessions, and after demand made, in writing, for the delivery of possession thereof by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer." [Sec. 3321, R. S. 1899.] It will be noted that the language quoted contemplates a case where one wrongfully, but without

force, moves into or upon premises and thereby disseizes the person having the lawful right and continues in possession himself. Under the state of facts contemplated by the language employed, it is fair to presume that the intruder would ordinarily, upon demand from the person whom he knows to be rightfully entitled to possession, remove from and quit the possession of the premises, and this no doubt was the thought uppermost in the minds of the lawmakers when they provided in that section for demand from the person having a legal right to the possession, or his representatives. It seems almost certain that one who knows himself to be an intruder would ordinarily surrender possession upon demand rather than litigate with one whom he knows to be entitled to the possession of the premises. It is only in those cases falling within the purview of the provisions last quoted that demand is held to be a prerequisite to suit, as will appear by consulting the following cases in point. [Young v. Smith, 28 Mo. 65; Andrea v. Heinritz, 19 Mo. 311; Alexander v. Westcott, 37 Mo. 108; Witte v. Quinn, 38 Mo. App. 681; Equity Bldg. & Loan Co. v. Murphy, 75 Mo. App. 57.] This case, falling as it does within the first provision of the statute quoted, the plaintiff was not required to make a demand upon the defendant for possession and therefore it was unnecessary for a showing to be made in that behalf in the court below.

4. It is next suggested that inasmuch as plaintiff did not acquire title to the premises until January 9, 1905, which was nine days after defendant's term had expired, that the plaintiff therefore had never been in possession and had not been dispossessed by this defendant; that inasmuch as this is a possessory action only, he is not entitled to recover. It is urged that the vendee of the landlord cannot maintain an action against the tenant in this case unless the tenant had attorned to the landlord's vendee and thereby became his tenant, and

indeed, this was formerly the rule in this State, as is evidenced by numerous early adjudications. [Holland v. Reed, 11 Mo. 605; Blount, etc., v. Winright, 7 Mo. 50; Hatfield v. Wallace, 7 Mo. 112; Hoffstetter v. Blattner, 8 Mo. 276.] As the law then stood, an action could be maintained by any one who had been in possession and had been dispossessed within three years next prior to the commencement of the suit or by a landlord whose tenant had not continued three whole years in peaceful possession after the time for which the premises were demised or let to him or those under whom he claimed, and not otherwise. This resulted in great hardship and injustice in many instances, inasmuch as in the event of the death of the landlord against whom the tenant held over or who had been dispossessed, or in event he sold the property on which the tenant was holding over or of which he had been dispossessed by an intruder, the remedy which he had under this statute ceased with his death, or the sale of the premises, and his heirs, devisees or grantees could not maintain an action for the reason that it was the ancestor, devisor or grantor and not they who had been dispossessed, and they were therefore forced to resort to their action of ejectment. This being the state of the law, the Legislature in 1855 provided section 36, chap. 66 of the Revised Statutes of that year, which is as follows:

"Heirs, devisees, grantees and assigns of any lands, tenements or other real possessions and executors and administrators in charge of lands of deceased persons, shall be entitled to the same remedies against persons guilty of forcible entry and detainer or unlawful detainer of such lands, tenements or other real possessions before the descent, devise, grant or assignment thereof, or the granting of letters, as the ancestor, devisor, grantor, assignor or intestate was entitled to by virtue of this chapter."

The section quoted has remained in our laws ever since and is to be found as section 3352, R. S. 1899.

Ever since that enactment the rule has remained unchanged, that the heirs, devisees, grantees and assigns of any lands, etc., may maintain the action against a tenant who wilfully holds over or against an intruder who dispossessed the ancestor, devisor or assignor. So in a case where the holding over or dispossession was against the ancestor, devisor, grantor or assignor, "before the descent, devise, grant or assignment," the heirs, devisees, grantees and assignees may maintain the action as though they had actually been in possession and the holding over or dispossession was in fact against them instead of their predecessors in privity, as indicated. Or, in other words, the heirs, devisees, grantees and assignees are permitted by this statute to avail themselves of the holding over against or dispossession of their ancestor, devisor, grantor, etc., and to bring an action as though they themselves had been dispossessed. [McCartney v. Alderson, 45 Mo. 35; May v. Luckett, 84 Mo. 472; Pentz v. Kuester, 41 Mo. 447; Young v. Smith, 28 Mo. 62; Kelley v. Clancey, 15 Mo. App. 519; Bradford v. Tilly, 65 Mo. App. 181; Greenleaf v. Weakley, 39 Mo. App. 191; Sexton v. Hull, 45 Mo. App. 339.]

Therefore it appears that even though the plaintiff purchased the lands after the lease had expired and the defendant had never attorned to him or recognized him as his landlord, nevertheless under the statute and authorities quoted, he can maintain this suit, having succeeded to the rights of Slayton, his grantor.

5. From what has been said, it appears that the plaintiff was entitled to possession of the premises unless the defendant had a valid lease for the same from January 1, 1905, and was in possession thereunder. Now, Slayton, plaintiff's grantor, denied that he had leased the premises to the defendant for the year 1905 and therefore the lease, if any, was that which defendant gave in evidence on the stand. He said that on October 29, 1904, he made a verbal contract of lease with Slay-

ton, whereby he was to occupy the premises from January 1, 1905, to January 1, 1906; there was no writing. It is provided by our statute, section 3418, R. S. 1899, as follows: "No action shall be brought to charge . . . any person upon . . . any contract for the sale of lands . . or any lease thereof for a longer time than one year, or upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith or some other person by him thereto lawfully authorized." Now it appears that if the verbal contract of lease for the year 1905 was made by the plaintiff's grantor, Slayton, the then owner, on October 29, 1904, to the defendant, that such contract, in the absence of entry and payment and acceptance of rent thereunder, is invalid and unenforceable under the provisions of the Statute of Frauds quoted, for the reason that it was not to be performed "within one year from the making thereof" inasmuch as the term or tenancy thereby sought to be established was to commence January 1, 1905, thereafter and expire January 1, 1906. Such has been frequently decided and the rule is well established that the time of the contract in such case is to be computed from the date on which it was entered into by the parties and not from the time provided for the commencement of its performance. In fact, the statute in express terms contemplated the time of "making thereof" as the date from which the time shall be computed. [See also Butts v. Fox, 96 Mo. App. 437, 70 S. W. 515; Cook v. Redman, 45 Mo. App. 397; Beiler v. Devoll, 40 Mo. App. 251; Briar v. Robertson, 19 Mo. App. 56; Nally v. Reading, 107 Mo. 350, 17 S. W. 978.] Giving to the defendant the full benefit of the case as made in his own testimony, it appears that the verbal contract detailed in evidence by him was "not to be performed within one

year from the making thereof" and that he had neither paid rent nor had the landlord accepted rent thereunder, and the conclusion of law necessarily follows on the facts stated that the contract was void and of no effect. Therefore the defendant was not entitled to hold and occupy the premises for the year 1905.

The learned trial judge erred in refusing the instruction requested by plaintiff and in giving those mentioned in the statement supra on the part of the defendant. Inasmuch as there appears to be nothing to do save pronounce judgment of the law upon the facts stated, the judgment will be reversed and remanded and the trial court directed to enter up a proper judgment for the plaintiff. *Bland, P. J.,* and *Goode, J.,* concur.