GEO. W. WOMACH, Appellant, v. HENRY JENKINS, Respondent.

Kansas City Court of Appeals, January 27, 1908.

1. **LANDLORD AND TENANT: Master and Servant: Evidence.** Where the occupation of the master's house by the servant is directly connected with the service, or is expressly or impliedly required by the employer for the necessary or better performance of the service, the relation of the parties with respect to the property is not that of landlord and tenant but of master and servant; but the two relations are not inconsistent and where, as in the case in hand, the occupation of the master's premises was not treated as a mere incident to the service, the rights of the parties will be determined on the principle of landlord and tenant.

2. ————: **Frauds and Perjuries: Performance: Tenant at Will.** The year within which a contract not in writing is to be performed in order to escape the bar of the Statute of Frauds, must commence from the date of the contract and not the date of the entry upon its performance.

3. ————: ————: ————: ————: **Possession.** But where possession is taken under an unwritten contract not to be performed within a year, the statute converts it into a tenancy at will and it can only be terminated as provided in the statute.

## Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Mytton, Parkinson & Crow* for appellant.

. (1) The trial court erred in admitting over the objection and exception of appellant, evidence tending to prove contract alleged to have been entered into in November, 1904, for the rent of appellant's farm to respondent for the fiscal year, 1905-1906, beginning March first. Briar v. Robertson, 19 Mo. App. 66; Beiler v. De-Voll, 40 Mo. App. 251; Butts v. Fox, 96 Mo. App. 437; Shark, v. Rhiel, 55 Mo. 97. (2) The court erred in refusing to give the declarations of law requested of appellant numbered 1, 3, 4, 5, 6 and 7. Cases cited supra. (3) Upon the undisputed facts, respondent was tenant at will or sufferance of appellant. School District v. Aloys Batsche (Mich.), 29 L. R. A. 576, cases there cited; People v. Annis, 45 Barb. 304; Chartered v. O'Donovan, 80 Ind. 20; Church v. Freislie, 37 Minn. 447; Kerrains v. People, 60 N. Y. 221. (4) It is not necessary that tenant expressly agree to pay rent to create the relation of landlord and tenant. Wilkinson v. Wilkinson, 62 Mo. App. 249; R. S. 1899, sec. 4110, 4130.

JOHNSON, J.—Action brought in a justice's court under the provisions of section 4131 et seq., Revised Statutes 1899, by a landlord against his tenant to recover possession of the premises rented on account of non-payment of rent. When the case reached the circuit court the parties waived a jury and, after hearing the evi-

dence, the court entered judgment for defendant and plaintiff appealed. Plaintiff alleged in his statement that in February, 1905, he rented to defendant "a dwelling house situated on sixty-five acres of land in section three (3) now owned by affiant," in Bloomington township, Buchanan county, "for the term of four months, at the rate of five dollars per month" and that defendant was delinquent in the payment of rent in the sum of ten dollars.

It is conceded by the parties that on or about November 1, 1904, they made an oral agreement under the terms of which defendant moved to a farm of sixty-five acres owned by plaintiff in Bloomington township, Buchanan county, and occupied three rooms of the dwelling house situated thereon and that defendant continued to occupy the place until the bringing of this suit. The real controversy relates to the nature of the occupancy. Plaintiff testified, in effect, that it was under a contract of employment, under the terms of which he engaged the labor of defendant for which he was to pay wages of one dollar per day and house defendant, and that in the following February, he discharged defendant and entered into another agreement with him which provided that defendant should occupy the house until the first of July and pay as rental the sum of five dollars per month. From the evidence introduced by defendant, it appears that when the first agreement was made, plaintiff was operating a butcher shop in a nearby town and was living in the farmhouse; that he wanted defendant to work for him in the butcher shop but defendant refused except on condition that plaintiff would rent him the farm. The agreement and subsequent actions thereunder thus are related by defendant:

"He said that he would furnish me with a house and firewood and rent me the place; and he was to pasture my mare and colt and sow and pigs and furnish

me a team and farming tools for to farm with and I was to farm the place and give him half of the crop; he was to get half of the hay, I was to work for him and help him butcher and then I was to move in and take possession right then and have possession until the end of the following year; and I moved in in a few days then I put my mare and colt in pasture and took possession of the place aud bought his chickens there on the place and I asked him about a cellar—if he had a cellar—if he had any at all—he said he had not. 'But you can have material to build a cellar if you want to dig it and build it at your own expenses.' I went to work and dug a cellar and built it."

Defendant further testified that it was a part of the agreement that plaintiff should occupy one of the four rooms of the house and that defendant should furnish him board at the rate of fifteen cents per meal. In the following February, plaintiff sold his butcher shop and requested defendant to surrender possession of the farm. Defendant testified "he (plaintiff) said 'I have sold out my butcher shop and ain't got nothing to do at all; I have got to have my place back.' He said 'I ain't got anything to do at all only just sit around and pay board, and I can't do that.' 'Mr. Womach,' I says, 'we have got an understanding—already got a contract. He just went ahead and told me 'I have got to have five dollars a month for the house,' and he said 'I have got to have possession the first of July and you go to work and put in a crop just as I told you you could, just as we agreed to do.' Defendant refused to consent to any change in the contract. On the 8th day of March, plaintiff served a written notice on defendant to vacate the rooms of the house within thirty days and no attention being paid to the notice, brought this suit on the 22d day of April, 1905. Other witnesses introduced by defendant corroborated his testimony relative to the terms of the agreement made in November and it is

evident the learned trial judge in rendering judgment for defendant resolved the contested issues of fact in his favor.

The decisive question of law for our determination is whether the facts most favorable to defendant disclose that the relation of landlord and tenant was created between the parties with respect to the farm by the oral agreement made in November, 1904, and in considering this question and those incidental to it, we shall accept as proved the facts adduced by defendant.

While it was a part of the agreement that defendant should work for plaintiff in the butcher shop of the latter and receive wages for such service, we do not think the part of the contract which related to the renting of the premises in any sense was incidental to that employment. Where the occupation of the master's house by the servant is directly connected with the service or if it is required expressly or impliedly by the employer for the necessary or better performance of the service, the relation of the parties with respect to the property is not that of landlord and tenant, but of master and servant, and the latter will be required by law to surrender possession of the premises at the end of the employment. [Kerrains v. People, 60 N. Y. 221; Chattard v. O'Donovan, 80 Ind. 20.] But there is no inconsistency between the relation of landlord and tenant and that of master and servant, and where, as in the case in hand, it appears that the occupation of the master's premises was not treated by the parties themselves as a mere incident of the service, it should be regarded in law as the occupation by a tenant, and the rights of the parties should be determined according to the laws and principles applicable to the relation of landlord and tenant. From the evidence we have quoted, it is clear that both house and land were rented to defendant for agricultural purposes and that immediate possession was surrendered to him as a part of the agreement which

had for its main object the cultivation of the soil during the ensuing crop year.

It is argued by plaintiff that the contract as stated by defendant falls within the prohibition of the Statute of Frauds and, therefore, must be pronounced void since it was not in writing and attempted to create a tenancy for more than one year. We are satisfied from defendant's testimony that the agreement made in November contemplated that the tenancy should not end until one year from the first of the following March and, consequently, the contract was one which could not be performed within one year from its date. The rule is well settled that the year within which a contract not in writing must be performed, in order to escape the bar of the Statute of Frauds must commence from the date of contract and not from the date of entry upon its performance. [Briar v. Robertson, 19 Mo. App. 66; Beiler v. Devoll, 40 Mo. App. 251; Butts v. Fox, 96 Mo. App. 437; Sharp v. Rhiel, 55 Mo., 97.] And, but for the fact that defendant was suffered to enter into immediate possession of the farm, we would have no hesitancy, under the authorities cited, in declaring that the contract could not be enforced. But it is expressly provided in section 3414, Revised Statutes 1899, that "all leases, estates, interests of freehold or term of years . . . in or to any lands . . . made or created by livery and seizin only, or by parol, and not put in writing and signed by the parties so making or creating the same . . . shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force." Under the express terms of this statute, an oral letting of real estate for a longer term than one year when accompanied by the delivery of possession to the tenant, will serve to establish the relation of landlord and tenant, but the full extent of the estate granted will be that of a tenancy at will. The decisions in this State

are quite uniform in holding that a tenancy at will of farming land rented for agricultural purposes is a tenancy from year to year and not from month to month as is the case where the property is a store or dwelling house situated in a town or city. The principle underlying the distinction, as was well said in Wood on Landlord and Tenant (2 Ed.), vol. I, sec. 21) "had its origin in the strong desire of the courts to protect tenants at will against being deprived of crops sown, by the arbitrary termination of their estates, or, in other words, from the determination of the courts to uphold the just and equitable policy of allowing a tenant 'who sows to reap.'" [Kroeger v. Bohrer, 116 Mo. App. 208; Hosli v. Yokel, 58 Mo. 169; Kerr v. Clark, 19 Mo. 132; Ridgley v. Stillwell, 28 Mo. 400; Scully v. Murray, 34 Mo. 420.]

The conclusion to be drawn from the rules and principles stated is that the contract before us must be construed as one which created a tenancy from year to year, that the term began when the contract was made and possession given in November, 1904, and that the tenancy could not be terminated except by notice to quit as provided in section 4109, Revised Statutes 1899. [Cunningham v. Roush, 157 Mo. 336; Tarlotting v. Bokern, 95 Mo. 541.] As the year had not expired when plaintiff attempted to recover possession of the premises, it follows that the trial court committed no error in holding that the facts most favorable to defendant entitled him to the judgment and, as the evidence introduced by defendant on the controverted issues of fact is substantial, we shall not weigh it in the balance with that offered by plaintiff, but shall accept the trial court's findings of facts as we would the verdict of a jury. We have sufficiently answered, in what we have said, all the questions raised by plaintiff.

The judgment is affirmed. All concur.