HENRY JENKINS, Respondent, v. GEORGE W. WOMACH, Appellant.

Kansas City Court of Appeals, May 13, 1912.

2. EVIDENCE: Hypothetical Question: Expert: Rental Value: Farmer. A farmer residing in the vicinity of a tract of land and acquainted with rental values, is competent to state the rental value of such tract. Such interrogation does not involve or embrace what is known as a hypothetical question propounded to experts.

2. ———: Res Adjudicata: Lease: Former Appeal. Though an appellate court may decide that a certain alleged verbal contract, as testified to by the plaintiff, was a valid lease, yet on a retrial the question whether such verbal contract was, in fact, made, is open for testimony on both sides of the issue, and it is error to refuse to let defendant testify in denial on the ground that it is *res adjudicata* by the former appeal.

Appeal from Buchanan Circuit Court.—*Hon. George L. Zwick*, Special Judge.

REVERSED AND REMANDED.

*Charles C. Crow* for appellant.

*George W. Eastin* for respondent.

ELLISON, J.—This action is for damages based upon an alleged violation of an agreement for the rent of a small farm in Buchanan county. The judgment in the trial court was for plaintiff.

The renting was without writing and for more than one year, being from the first of November, 1904, to the first of March, 1906. But plaintiff was put in possession and so remained for several months, without objection, and this court held, in an action between these parties wherein Womach sought to recover possession from Jenkins, that the tenancy was good for one year (128 Mo. App. 408). The present action was afterwards begun by Jenkins, in which he recovered a judgment for damages in the trial court, which was afterwards reversed in this court on account of error in instructions, and remanded for a new trial, with suggestions that an amended petition be filed. The petition was amended in accordance with the suggestions of this court, and the cause again tried, with the result again for plaintiff, as stated.

On the former appeal this court stated in an opinion by Judge BROADDUS, that the measure of damages would be the rental value of the premises over and above the rent he was to pay. In proof of this, plaintiff called several witnesses, chiefly farmers who lived in the neighborhood of this land and who knew the rental value thereof. One was a banker, but he owned lands in the neighborhood and had experience in renting. Defendant objected to these on the ground that no hy-

pothetical facts were propounded to them as experts. The questions asked of these witnesses were not the character of questions referred to by defendant in his objections.      These were not hypothetical questions based on supposititious facts.      These were straight questions of rental value addressed to men who knew. We rule the point against defendant.

And so of the objection to the amended petition. It was in substantial compliance with the ruling made by this court when the case was here before.

But a ruling was made at the trial which cut out defendant's defense except as to the amount of plaintiff's recovery. Defendant denied, as a matter of fact, that he ever rented the land to plaintiff, and yet, singular to say, objection was made to his testifying that he had not and the objection was sustained. Judging from the brief of counsel this objection was founded on the decision of this court that the lease was a valid one. We did decide that a verbal lease or renting of a certain kind for a certain named time, was a valid one as a legal proposition. But we did not, and could not, decide the question of fact that such a renting had in reality been made. When the case was reversed and remanded for a new trial it was, of course, still incumbent upon the plaintiff to develop a state of evidence which, if believed by the jury after hearing the other side, would entitle him to a verdict. As this case was tried, plaintiff was allowed to testify to the verbal renting and terms thereof, in detail, whereas defendant was cut short off without the privilege of a word of denial that the things stated by plaintiff ever occurred. Our decision was that the verbal agreement, if made, was binding, notwithstanding the Statute of Frauds; but not that a verbal agreement was, in fact, entered into.

It is to be regretted that this protracted litigation must continue, but we cannot, of course, deny to one

party the right to show his side of an issue upon which the other party testified at length.

The judgment is reversed and the cause is remanded. All concur.